MARION COUNTY CONSTRUCTION CO. *v.* KIMBERLIN

[No. 14,439. Filed February 24, 1933.]

*Eph. Inman, Johnson & Zechiel,* and *Grabill & Ringer,* for appellant.

*William E. Reilley* and *John M. Caylor,* for appellee.

CURTIS, C. J.—This was an action brought by the appellee, Leander F. Kimberlin, against appellant, Marion County Construction Company, a corporation, in tort for damages for personal injuries.

The Butler University School of Physical Education and Athletics, a corporation, was building a field-house and stadium for the purpose of holding indoor and out-

door athletics and employed the appellant, Marion County Construction Company, to do the excavation work, and employed D. E. Cornelius to build the brick work in connection with the erection of the field-house adjacent to said stadium. The appellee was employed, along with a number of other men, by said D. E. Cornelius, and was on the 6th day of February, 1928, engaged at work in connection with the erection of said field-house. The appellant was at said time excavating said premises and in the process of such excavation used, in connection with its work, dynamite and other explosives to facilitate the excavation. Appellee contends that the appellant carelessly and negligently used said explosives in its work, and that, as as a result of an explosion, a large rock or boulder was blown out of the ground in the direction of the appellee and struck him on the head and injured him. Appellee demanded in his complaint forty-five thousand dollars ($45,000.00) damages. The case was submitted to a jury. There was a general verdict returned in the sum of four thousand dollars ($4,000.00). With the general verdict the jury returned answers to interrogatories. The appellant moved for judgment on the answers to the interrogatories notwithstanding the general verdict, which motion was overruled with an exception to the appellant. The court then rendered judgment upon the general verdict in accordance therewith. A motion for new trial was filed seasonably and overruled with an exception duly taken.

The issues were made on a complaint in three paragraphs, each based upon the same transaction, but presumably upon a different theory; a plea in abatement by the defendant, to which a demurrer filed thereto was sustained; an answer in general denial; and a third amended second paragraph of answer, to which amended second paragraph of answer the appellee filed an affirmative reply. Prior to the trial of the case the plaintiff

dismissed his action as to the Butler University School of Physical Education and Athletics and proceeded against the Marion County Construction Company only.

The errors relied upon for reversal are: "(1) The trial court erred in sustaining plaintiff's demurrer to appellant's plea in abatement. (2) The trial court erred in overruling appellant's motion for judgment on the answers to interrogatories. (3) The trial court erred in overruling appellant's motion for a new trial."

The motion for a new trial contained seven causes or grounds, with 15 different specifications under the fifth cause. In its brief, under Points and Authorities, the appellant has discussed only the following propositions, towit: (a) That the verdict of the jury is not sustained by sufficient evidence; (b) that the verdict of the jury is contrary to law; (c) alleged error of the court in giving each of instructions numbered 10 and 12. The rule is so well established that all alleged errors are waived which are not discussed under Propositions, Points and Authorities in the appellant's brief, that we need not cite authority in support thereof. The appellant has therefore waived the first and second errors assigned which relate respectively to the ruling of the court on the plea in abatement and the ruling on the motion for judgment for the appellant on the answers of the jury to the interrogatories. It has likewise waived all of the causes in the motion for a new trial except those above indicated under letters a, b, and c. We will consider only the alleged errors not waived.

Much of the evidence is undisputed and it shows that the appellee was injured on the 6th day of February, 1928, while in the employ of D. E. Cornelius, by a rock or boulder striking him on the head as a result of an explosion of dynamite brought about by the alleged negligence of the appellant, a third party; that on February 8, 1929, the appellee filed a claim with the Industrial

Board of Indiana for compensation against his said employer, D. E. Cornelius; that thereafter on May 10, 1928, the appellee and his employer filed with the Industrial Board for its approval an agreement made and entered into by and between the appellee and his employer, the said D. E. Cornelius. By the terms of said agreement it was agreed between said parties that the appellee was entitled to seventy-five (75) weeks' compensation at the rate of sixteen dollars and fifty cents ($16.50) per week. That said agreement was approved by the Industrial Board on said date at which time the appellee was paid the sum of $280.50, which would be equal to the amount that he would receive for 17 weeks of compensation. D. E. Cornelius, the employer, was ordered to continue said payments at the rate of sixteen dollars and fifty cents ($16.50) per week for the remaining fifty-eight (58) weeks in installments of four (4) weeks each, the total amount not to exceed five thousand dollars ($5,000.00). Nothing in said written agreement filed with the board mentioned that said payment was to constitute a gift or loan. Other payments were made, consisting of doctor, nurse, hospital, medicine bills and expenses. That thereafter, on July 10, 1928, appellee filed with the Industrial Board an application for the review of said award on account of a change in conditions; that on the 26th day of July, 1928, appellee dismissed said application for review of award; that on the 13th day of February, 1929, he filed his complaint in this cause in the Superior Court of Marion County against the appellant, asking damages for his said injury.

The appellant, in its third amended second paragraph of answer, set forth the entire history of the case leading up to and including the making of the award of compensation to the appellee by the Industrial Board for the injury received by him, the said award being based upon the agreement between him and his employer, and the

payment of money to the appellee by the insurance carrier of the employer after said award was made. To this paragraph of answer the appellee filed an affirmative paragraph of reply wherein he alleged that he accepted the sum of money paid him and the money paid for the expenses above enumerated under an agreement between him and the insurance carrier of his employer that it was not paid or accepted as compensation, but that it was paid as a gift or loan and upon the express understanding that it was to be repaid to the insurance carrier.

The appellee does not contend that he can collect from both his employer and also from the appellant. Certainly no such contention, if made, could prevail in the face of the clear language of the statute that "he or they shall not collect from both." See §13 of the Indiana Workmen's Compensation Act, Acts 1929, p. 536. See also *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company* v. *Parker* (1922), 191 Ind. 686, 132 N. E. 372, 134 N. E. 890, 19 A. L. R. 751.

It is not the purpose, however, of the statute to protect a negligent third party by relieving him from liability from his negligent acts. It does prevent an employee from collecting both compensation and damages. It gives an employer who has paid compensation or who has become liable therefor, the right to collect such compensation from the wrongdoer. The employee may, if he has not accepted compensation, sue the wrongdoer and recover a judgment for all his damages caused by the wrongful act. If he has been awarded compensation he must then elect which he will accept.

In what is commonly called the Keith case, *Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company* v. *Keith* (1929), 89 Ind. App. 233, 146 N. E. 872, 874, wherein a petition to transfer was denied April 25, 1929, and which was a case presenting many of the elements of the instant case, this court said: "Ordinarily, when an

employer pays an injured employee the amount due under a compensation agreement which has been approved by the Industrial Board, the employee cannot prosecute an action against a third person for damages, but the employer may maintain an action against the wrongdoer to recover the amount he was required to pay the injured employee.

"We have no doubt but that an employer may make a gift to an injured employee of the amount which he might be entitled to as compensation under the act, and that the employee may accept such gift without in any wise affecting his right to maintain an action against some other person whose negligence caused the injury. Of course appellee and his employer had a right to enter into an agreement concerning compensation, and to have the same approved by the Industrial Board, without affecting appellee's right to sue for and collect damages from appellant." In *Wright* v. *Lindsay* (1911), (Scotland), 49 Scot. L. R. 210, there was an agreement partly oral and partly in writing between the employee and the employer by which it was understood that compensation was paid without prejudice and with the further agreement that the employee intended to take action against the wrongdoer. This case was followed in *Kelly* v. *North British Railway Company* (1915), (Scotland), 53 Scot. L. R. 53. The agreement in each case was similar. It was held in both cases that the payments were made for the purpose of assisting the workman to tide over the time that must elapse before action against the wrongdoer could be disposed of and that they were not intended to be made by virtue of the compensation act and that the receipts of such payments would not bar the action against the wrongdoer.

The facts and circumstances surrounding the payment and the receipt of the money were proper questions to be

inquired into in the instant case. The appellant urges that the agreement between the employer and the employee for compensation did not contain the special agreement that the money was to be paid and received as a gift or loan, and hence that no such contract can be proven. This contention cannot prevail. The appellant forgets that the statute itself, cited above, expressly provided that the employee may proceed against both his employer and the wrongdoer and obtain an award against the employer and also a judgment against the wrongdoer. One of the methods provided in the Compensation Act to secure compensation is for the employer and employee to enter into an agreement, such as was done in the instant case, and have it approved by the Board, in which case it becomes in legal effect an award. The prohibition in the statute is that "he or they shall not collect from both." See the Keith case cited above.

Under the issues in the instant case it became a question of fact for the jury to decide under the evidence as to whether or not the appellee collected compensation from his employer or his employer's insurance carrier. The witness, Harry Goad, who represented the insurance carrier, among other things, said that prior to the time he paid the money to the appellee or gave the check for the money that he and the appellee and the appellee's attorney entered into an agreement by which he agreed to loan the appellee a certain amount of money and that the payments of money were made under said agreement. He also testified that the appellee paid the money back to the insurance carrier. We quote that part of his evidence as set out in the appellant's brief: "This $200.00 check along with a mortgage, cleaned up or reimbursed us for every cent we paid him." The check referred to was drawn by the appellee, payable to the insurance carrier and by it cashed. The mortgage referred to was a real estate mortgage executed by the

appellee and his wife on their real estate, dated January 29, 1929, and given "to secure the payment of one promissory note to become due of the principal sum of $531.35 payable one year after date. . . ." The appellee's testimony fully supported the evidence of Goad. There was other evidence, some cumulative and some conflicting but this court will not weigh the evidence, and if there is any competent evidence or legitimate inferences to be drawn from such evidence to sustain the verdict of the jury then such verdict will not be disturbed on appeal. In our opinion the evidence is ample.

The appellant contends also that the verdict of the jury is contrary to law. It is not always easy to define a verdict contrary to law. In *Bosseker* v. *Cramer* (1862), 18 Ind. 44, the Court said: "We think that a verdict which is contrary to law, is one which is contrary to the principles of law as applied to the facts which the jury was called upon to try; contrary to the principles of law which should govern the cause." In *Robinson Machine Works* v. *Chandler et al.* (1877), 56 Ind. 575, the Court approved the general definition given in the Bosseker case, *supra,* and added: "We think, in the meaning of the code, that a verdict, which is improperly affected by any error of law occurring at the trial, is a verdict contrary to law." The Supreme Court again in the somewhat recent case of *Hensley, Administrator* v. *Hilton* (1921), 191 Ind. 309, 131 N. E. 38, 41, approved the general definition laid down in the case of *Works* v. *Chandler et al., supra,* and said, "A verdict improperly affected by any error of law occurring at the trial is a verdict contrary to law." We fully approve the general definitions thus laid down."

The appellant has assigned, and has discussed under its points and authorities, the alleged error of the Court in the giving of instructions numbered 10 and 12. Applying to the instant case the general definition of a verdict contrary to law, laid down in the above

cases, it necessarily follows that if either or both of said challenged instructions are held to be erroneous and harmful and not cured, and if either or both are found to have improperly affected the verdict of the jury, then such verdict is contrary to law. The alleged erroneous instructions are as follows:

"No. 10

An employer may make a gift to an injured employee of an amount which he might be entitled to as compensation under the Workmen's Compensation Act and the employee may accept such a gift without in any wise affecting his right to maintain an action against some other person whose negligence caused the injury. Of course, an employee and employer have a right to enter into an agreement concerning compensation and have the same approved by the Industrial Board without affecting employee's rights to sue for and collect damages from negligent third parties."

' "No. 12

If you find from a consideration of all of the evidence that the plaintiff was employed by D. E. Cornelius and that D. E. Cornelius had complied with the terms of the Industrial Board of the State of Indiana in reference to compensation for injuries to his employees, and that the plaintiff was one of his employees and the plaintiff, while employed by said Cornelius was injured by the negligent acts of third parties, and that said employee accepted a gift of an amount agreed upon or an amount almost equal to the amount agreed upon and approved by the Industrial Board of the State of Indiana, as a gift, and that said plaintiff and said Cornelius or his agents regarded said transaction as a gift and that the plaintiff repaid a certain amount of said sum which he received as a gift from Cornelius or his agents and executed a mortgage as security for the same for the remainder unpaid and due, then I instruct you that if you find that said transaction between plaintiff and said Cornelius or Cornelius' agents was a gift, then I instruct you that the acceptance of the same will not impair the plaintiff's right herein to proceed against the negligent third party."

These two instructions, when considered in connection with the other instructions in the case and particularly in connection with instruction number 11, did not in our opinion in any manner confuse the jury. Instruction number 11 is as follows:

"No. 11

If you find from the evidence in this case that the New Amsterdam Casualty Company for and on behalf of the employer, Cornelius, paid a sum of money to the plaintiff, Kimberlin, and if you further find that the money paid was understood by the parties to be a loan and intended as such, then you are instructed, if you so find, that the payment of such money and the loan thereof would not bar plaintiff's action herein against the defendant, Marion County Construction Company."

The jury had under consideration the question as to whether or not the appellee had collected compensation from his employer or his employer's insurance carrier. For the purpose of determining that question it did not matter whether the money received by him was a gift or a loan. We think the jury was not in any manner misled by the use of the word gift in the instructions. The jury was fully instructed to the effect that the appellee could not collect compensation from his employer or his employer's insurance carrier without being thereby precluded from proceedings in an action at law for damages against the appellant. Neither of the complained of instructions improperly affected the verdict.

We believe that the verdict of the jury is sustained by sufficient evidence; that it is not contrary to law and that no reversible error was committed by the trial court in the giving of either of the instructions complained of. We find no reversible error.

Judgment affirmed.