ARTIFICIAL ICE & COLD STORAGE COMPANY ET AL. *v.* RYAN, ADMINISTRATOR, ET AL.

[No. 14,757.   Filed January 25, 1935.]

*James W. Fesler, Harvey J. Elam, Howard S. Young,* and *Irving M. Fauvre,* for appellants.

*Herman L. McCray, Edward J. Boleman, Burrell Wright,* and *Jacob S. White,* for appellee.

BRIDWELL, J.—Appellants brought this action against appellees, seeking to enjoin all appellees from taking any steps to enforce a judgment for $1,500 rendered by the superior court of Marion county in favor of one Charles A. Waltz, and against appellant, Artificial Ice & Cold Storage Company, to have said judgment satisfied of record and to recover of and from all of the appellees except Glen B. Ralston, clerk of the superior court of Marion county, in the sum of $500.

A second amended supplemental complaint was filed to which appellees demurred; the demurrer was sustained, to which ruling appellants excepted and declined to plead further. Judgment was entered in favor of appellees that appellants take nothing by their complaint, and that appellees recover their costs. This appeal was thereafter perfected, the error assigned being that "the court erred in sustaining the demurrer of the

appellees to the second amended and supplemental complaint."

The complaint alleged in substance that on October 17, 1921, the Artificial Ice & Cold Storage Company desired to have certain repairs made at its plant, and for the purpose of having such repairs made called Hugo Wuelfing, Jr., who was engaged in the contracting business in the city of Indianapolis; that said Wuelfing undertook to have the desired repairs made, and for that purpose sent Charles A. Waltz as the employee of said Wuelfing to make said repairs; that on October 17, 1921, said Waltz undertook to make such repairs and was injured in an accident arising out of and in the course of his employment; that at the time of such accident, the Globe Indemnity Company, one of the defendants, had in force a policy of workmen's compensation insurance covering the employees of said Wuelfing, under which policy said Waltz was entitled to compensation benefits; that the said Waltz, after receiving his injuries, made claim that said accident resulting in his injuries was caused by the negligence of the Artificial Ice & Cold Storage Company, that at the time of said accident the defendants, Jacob S. White and Burrell Wright, together with John McKay were engaged in the practice of law in the city of Indianapolis under the firm name of White, Wright & McKay, and one Paul Kirk was also engaged in the practice of law in said city, and associated with the three lawyers above mentioned; that said firm of White, Wright & McKay was at the time acting as attorneys for the Globe Indemnity Company; that after said accident said Globe Indemnity Company was liable to said Waltz for compensation on account of said accident in an amount of approximately $800 compensation, and $150 for medical expenses on account of said accident, provided he, said Waltz, elected to take compensation; that under the compensation law

said Waltz was not entitled to collect compensation benefits from the Globe Indemnity Company or his employer, and also collect damages in a personal injury suit from the Artificial Ice & Cold Storage Company; that under the law, if said Waltz elected to take compensation from the Globe Indemnity Company, he would have received compensation from that company, and said company, if it had been subrogated to any claim at all under the compensation law, against the Artificial Ice & Cold Storage Company, would have been subrogated only to a claim for the amount of compensation liability, and no one would have had any right to collect a judgment from the Artificial Ice & Cold Storage Company based on a claim founded on the common law measure of damages including lost time and pain and suffering of the injured; that Charles A. Waltz and the Globe Indemnity Company and its attorneys above named, entered into a conspiracy designed to give said Waltz a certain right to his compensation, and at the same time to prosecute his claim for personal injuries against the Artificial Ice & Cold Storage Company; "that the substance of said conspiracy was that the Globe Indemnity Company would secretly pay the amount of the compensation liability" to said Waltz and to his doctors and to his hospital, and that said Waltz would give back notes for the amount of the payments so received, payable to some representative of the Globe Indemnity Company, and that at the time it was well known that said Waltz was judgment proof, and it was well understood by the parties to said arrangement that said Waltz was not to pay back any of the money so advanced unless he could pay back such money out of a judgment to be recovered from the Artificial Ice & Cold Storage Company; that it was further agreed the attorneys above named should have an amount equal to one-third of the judgment, but that said fee was sub-

ject to the limitation that the share of Waltz should not be less than the compensation law would give; that the purpose of the arrangement was to give Charles A. Waltz a certainty of receiving full benefits that he would receive if he elected to take compensation, and at the same time preserve to him the right to speculate on recovering additional damages against the Artificial Ice & Cold Storage Company, and that a further purpose was to make it possible to prosecute the suit in the name of Charles A. Waltz without revealing any interest of the insurance carrier so that the sympathy of the jury would be with Charles A. Waltz; that the facts involved in said claim for damages were in dispute and the possibility of recovery very doubtful, and defendant had an eye witness who saw Waltz accidentally start the hoist machinery at a time when the hoist was blocked and so caused the accident; that, thereafter, in carrying out said conspiracy, said attorneys did file suit on behalf of said Charles A. Waltz on January 4, 1922; that the issues in said case were closed, and said cause came on for trial on or about March 9, 1923, such trial resulting in a judgment for $1,500 on June 27, 1923; that from said judgment the Artificial Ice & Cold Storage Company appealed to the Appellate Court of Indiana, and said judgment was affirmed, and thereafter said company petitioned a transfer of said cause to the Supreme Court of Indiana, and said petition to transfer was overruled on the 6th day of December, 1927; that said judgment now stands on the judgment docket of the superior court of Marion county as a valid judgment against the Artificial Ice & Cold Storage Company; that the Employers' Liability Assurance Corporation, Ltd., is an insurance company authorized to do business in Indiana, and, among other types of insurance, writes various forms of liability insurance, and during the month of October,

1921, had in force a policy of insurance known as Manufacturers' Public Liability Policy, insuring the Artificial Ice & Cold Storage Company against certain forms of liability for personal injuries; that under the policy of insurance above described the Employers' Liability Assurance Corporation, Ltd., is bound to pay said judgment on behalf of the Artificial Ice & Cold Storage Company if said judgment is valid, and that, therefore, these plaintiffs (appellants) are jointly interested in having said judgment declared void and satisfied of record, and each of the defendants has some interest in said judgment; that at the trial of said cause resulting in said judgment the said Charles A. Waltz testified that he had received no benefits from the Globe Indemnity Company on account of his accident, and did not know that the company had paid his doctors; that in truth and in fact the Globe Indemnity Company had made payments to Charles A. Waltz, aggregating $525 from April 1, 1922, to February 1, 1923, and, thereafter, said company made further payments from July 25, 1924, to February 11, 1925, aggregating $275, and in addition to said payments so made direct to said Waltz the Globe Indemnity Company also paid, on account of the injuries to Waltz on August 9, 1922, $50.25 to the Deaconess Hospital, and $97.50 to his physicians; that at the time of each of said payments said Waltz had full knowledge thereof, and gave a note on its face payable to said Paul Kirk covering the amount of said payment; that as a part of said transaction other agreements were made, some of which were reduced to writing by said defendants, the details of which the plaintiffs do not know, but of which they pray inspection; that said Charles A. Waltz died in approximately March of 1927, and Joseph J. Ryan has been duly appointed his administrator by this court, and now as such administrator is the owner of such judgment subject

to such liens as may rightfully be placed thereon by the defendant attorneys for work done in obtaining said judgment on account of the partial equitable assignment thereof attempted by the various contracts above specified; that the defendant, Glen B. Ralston, as clerk of the superior court of Marion county, is named as defendant for the reason that the other defendants are threatening to have execution levied on said judgment, and such execution would have to be issued by defendant Ralston, clerk; that unless enjoined he will so issue execution; that said judgment in truth and in fact is now a void judgment for the reason that the substance of the transaction above described was that Charles A. Waltz collected compensation, and, therefore, is not entitled to collect this judgment; that the defendants, other than said Ralston, clerk, by their conduct placed on the plaintiffs a burden of defending a moot case after the injured Waltz had already elected to take compensation, and had been paid compensation to such an extent that he could not lawfully collect such judgment when obtained; that said defendants other than Ralston concealed the real situation as to these agreements, and amounts, and payments from these plaintiffs until after December 1, 1927, and neither of the plaintiffs had any knowledge thereof until after said date, and defendants have never revealed the full transaction, and that on account of their wrongful conduct caused these plaintiffs to pay out approximately $500 in defending said suit; that unless a temporary injunction is issued the defendants will endeavor to have execution levied before final hearing can be had in this case, and that in order to preserve plaintiffs' rights a temporary injunction should be issued after due notice, to remain in effect until final hearing can be had.

In addition to the foregoing averments of this complaint, it also sets out in full the second paragraph of

the complaint filed in the superior court of Marion county by the said Charles A. Waltz against the Artificial Ice and Cold Storage Company, and copy of the answers filed in said cause, and further avers that the first paragraph of complaint in that case was substantially like the second except that no ordinances were pleaded.

The demurrer to the complaint is on the following grounds: (1) That the court has no jurisdiction of the subject matter of this action; (2) that said amended complaint does not state facts to constitute a cause of action against said defendants, or either of them; (3) that there is a defect of parties plaintiff in that the amended complaint shows upon its face that the Employers' Liability Assurance Corporation, Ltd., is not a proper party plaintiff in this action. There are eleven specifications of the memorandum to the demurrer, but this opinion need not be lengthened by setting forth any of such specifications.

Do the facts alleged, when conceded to be true, show that the deceased employee, Charles A. Waltz, collected compensation from his employer, or his insurance carrier, within the meaning of our compensation law? If so, it is provided by our statute, and settled by prior decisions of this court and our Supreme Court that he cannot also collect from another person whose negligence caused the injuries for which compensation has been paid. An injured employee may at his option, where his injuries have been sustained by reason of the negligence of some person other than his employer, proceed at law against such person to recover damages, or against his employer to recover under our compensation law. Both remedies are open to him and he may pursue each to a final conclusion, *but he cannot collect from both.* Section 9458, Burns Supp. 1929, §40-1213, Burns 1933, §16389, Baldwin's 1934; Acts

1919, page 158, §13; *Pittsburgh, etc. R. Co.* v. *Keith* (1929), 89 Ind. App. 233, 146 N. E. 872; *Marion County Construction Co.* v. *Kimberlin* (1933), 96 Ind. App. 145, 184 N. E. 574; *Pittsburgh, etc. R. Co.* v. *Parker* (1922), 191 Ind. 686, 134 N. E. 890.

There is no allegation in the complaint that said Waltz ever applied to the Industrial Board of Indiana for compensation and was granted an award which he collected in whole or in part, nor is it alleged that he (Waltz) and his employer, or his employer's insurance carrier, ever entered into an agreement for the payment of compensation, which was filed with and approved by said board, and that compensation was paid and collected thereunder. There is but one tribunal which has the authority to determine the amount of compensation payable to an injured employee or his dependents when any such employee is injured by accident arising out of and in the course of his employment. It is true that under the provisions of our compensation law the employer and the injured employee or his dependents may agree in regard to compensation, but unless a memorandum of any such agreement, in the form prescribed by the Industrial Board, is filed with said board, it is voidable by the employee or his dependents; and, the Industrial Board is prohibited from approving any agreement if the terms thereof fail to conform to the provisions of the act. See section 57 of the Indiana Workmen's Compensation Act as amended in 1917, Acts 1917, chapter 81, §4, page 226, in force when this accident occurred. [Re-enacted by the General Assembly of 1929 without change. Section 57 of the Indiana Workmen's Compensation Act of 1929, Acts 1929, page 537.]

While it is charged in the complaint that the Globe Indemnity Company was liable to Waltz for approximately $800 compensation and $150 medical expenses,

if he elected to collect compensation, it is not averred that he, by either method provided for by our workmen's compensation act, sought, and was awarded, compensation by the Industrial Board of this state, which he has collected. To the contrary it is alleged that he executed his note for each amount received by him and that said sums advanced, under the arrangement pleaded in the complaint, were to be paid back out of any judgment received and collected from appellant, Artificial Ice & Cold Storage Company.

It is not the purpose of section 13 of the act to relieve a negligent third person from liability for his negligent conduct. In cases where an award has been made by the Industrial Board, and the amount of the award received, the injured employee, where he is prosecuting an action for damages against a negligent third person and is met with a defense that he has been awarded and has collected compensation, is permitted to show that any monies paid him were in fact received from his employer as a gift or a loan, and not in discharge of the compensation awarded. *Marion County Construction Co.* v. *Kimberlin, supra; Pittsburgh, etc. R. Co.* v. *Keith, supra.*

We are of the opinion that one cannot collect compensation, within the meaning of our compensation law, when he has never been awarded compensation under the provisions of the Workmen's Compensation Act.

Since the complaint in the instant case wholly fails to allege that the deceased employee during his lifetime, or his dependents, if any, after his death, ever applied for and were awarded compensation by the Industrial Board which was thereafter collected, the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.