STATE HIGHWAY COMMISSION *v.* WILHITE

[No. 27,501. Filed February 3, 1941. Rehearing denied February 24, 1941.]

*Samuel D. Jackson,* Attorney General; *Walter O. Lewis,* Deputy Attorney General, and *H. P. Warner,* of Indianapolis, for appellant.

*Charles M. LaFollette, Herman L. McCray* and *F. Bayard Culley, Jr.,* all of Evansville, for appellee.

SHAKE, J.—This is an appeal from an award of the Industrial Board in favor of the appellee under the Indiana Workmen's Compensation Act. On August 16, 1938, the appellee was operating a mowing machine propelled by a team of horses along a state highway in Pike County as the employee of the appellant. A motor vehicle driven by Wilbur Shelton for Samuel L. Barnett collided with the team, killing one of the horses, damaging the harness and mowing machine, and inflicting personal injuries upon the appellee.

In the proceedings before the Industrial Board, the appellant filed a special answer, setting up that prior to making claim for compensation the appellee settled for his personal injuries with Barnett and Shelton and gave them a full release. The appellee replied affirmatively, admitting the release but asserting that the sole consideration therefor was the settlement of his property damage claim and that the inclusion of a discharge

of his claim for personal injuries in the release was the result of a mistake of fact.

There was evidence that shortly after the accident the appellee had a conversation with Barnett, the owner of the motor vehicle, in which appellee demanded payment for damages to his property; that appellee's personal injuries were not at that time thought to be consequential and that no mention was made of these; that Barnett directed appellee to take the matter up with the agent for his insurance carrier, which appellee did; that appellee demanded of the agent $140 for the loss of his horse, $10 for the damage to the harness, and $6 for the mowing machine. Appellee's personal injuries were not mentioned in this conversation. Subsequently, the appellee received a letter from the insurance company offering him $116 in settlement of his claim for the loss of his horse and the damage to his harness and mowing machine. The offer was accepted, and the company forwarded a check for the above amount, which was cashed by the appellee. The release executed by the appellee to Barnett and Shelton, after reciting the consideration of $116 and identifying the accident, provided:

"It is further understood and Agreed, that this release is intended to cover all actions, causes of action, claims and demands for, upon, or by reason of any damage, loss or injury which may be traced either directly or indirectly to the aforesaid accident, as now appearing or as may appear at any time in the future, no matter how remotely they may be related to the aforesaid accident. And this Release is executed with the full knowledge and understanding on my or our part that there may be more serious consequences, damages or injuries as the result of the accident aforementioned than now appear; and that more serious and permanent injuries, even to the extent of death, may result from the injuries sustained in the accident aforementioned."

The evidence, if admissible, was sufficient to support a finding that the release of the appellee's claim for personal injuries was not within the contemplation of the parties thereto, and that the part thereof referring to personal injuries was included through mutual mistake of the parties. The appellant asserts, however, that the evidence relating to the consideration for the release and the circumstances under which it was executed was improperly admitted because it amounted to a collateral attack on a contract with third parties not before the hearing tribunal. If this evidence was improperly considered, the appellee's claim for compensation must fail, by reason of Acts of 1929, ch. 172, § 13, p. 540, § 40-1213, Burns' 1933, 16389 Baldwin's 1934, which provides in part:

> "Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both . . . ."

The use of parol evidence in favor of or against one not a party to a contract of release is the subject of an exhaustive annotation in 80 A. L. R. 477, 478. In the editorial comment, the observation is made that:

> "So conflicting are the cases on this subject that it cannot be said that there is a clear weight of authority for or against the admissibility of parol evidence under the circumstances herein discussed."

Some of the cases hold that the general rule that resort may not be had to parol evidence to vary or contradict

a written contract complete on its face does not apply to others than the parties to the instrument. *O'Shea* v. *New York, C. & St. L. R. Co.* (1901), 44 C. C. A. 601, 105 F. 559; *Fitzgerald* v. *Union Stock Yards Co.* (1911), 89 Neb. 393, 131 N. W. 612, 33 L. R. A. (N. S.) 983. This seems to be the law in Indiana. In *Kentucky and Indiana Bridge Company* v. *Hall* (1890), 125 Ind. 220, 25 N. E. 219, it was held that parol evidence might be introduced to show the consideration upon which a release rested in an action by an employee of a railroad company against another corporation for damages for personal injuries, in which the defendant sought to avail itself of a release executed by the plaintiff to his employer. The rule was not much discussed in the above case, but in *White* v. *Woods* (1915), 183 Ind. 500, 109 N. E. 761, this court placed itself on record as supporting the views expressed in the O'Shea case, *supra*. Likewise, it has been held in this state that an employee who enters into a compensation agreement with an employer, which agreement is approved by the Industrial Board, may subsequently, in an action for damages against the tortfeasor, show that the money paid by the employer and received by the employee was under a supplemental contract to the effect that such payment would be treated as a loan and repaid in the event of the employee's recovery from the responsible tort-feasor. *Marion County Construction Co.* v. *Kimberlin* (1933), 96 Ind. App. 145, 184 N. E. 574; *Artificial I. & C. S. Co.* v. *Ryan, Admr.* (1935), 99 Ind. App. 606, 193 N. E. 710.

In view of what appears to be the established law of this jurisdiction, as indicated in the above cases, we are of the opinion that the evidence offered by the appellee as to the circumstances under which the release was executed was proper, and

it follows that the judgment is sustained by sufficient evidence and that it is not contrary to law.

Judgment affirmed.

NOTE.—Reported in 31 N. E. (2d) 281.