## WEIS ET AL v. WAKEFIELD.

[No. 16,702. Filed December 23, 1941. Rehearing denied March 6, 1942. Transfer denied April 13, 1942.]

108

Pence, O'Neill & Diven, of Anderson, and Brown, Reller & Mendenhall, of Richmond, for appellants.

Donald L. Smith, of Indianapolis, Scotten & Hinshaw, of New Castle, J. Brandon Griffis, of Richmond, and Salyer & Cleveland, of Anderson, for appellee.

STEVENSON, J.—This action was brought by the appellee against the appellants, Weis & Horan, and their

employee and servant, Mummaw, to recover for injuries sustained by him by reason of his having been run over by the appellants' truck.

The amended complaint alleged that on May 8, 1936, the appellee was employed at the Delco-Remy Division of General Motors Corporation at, Anderson, Indiana. As a part of his duties, he was required to take dirt and trash from the premises and buildings to a pit on the premises, which was used as an incinerator. This dirt and trash was carried from the buildings to the incinerator in a tub. The appellee alleges that while in the act of dumping his tub, containing waste material, into the pit, the appellants backed their truck into him, thereby occasioning him the injuries complained of.

The complaint alleged that the appellants, Weis & Horan, were engaged as general contractors, to do hauling for the General Motors Corporation, Delco-Remy Division, and under such contract they furnished trucks and drivers to remove waste material from the incinerator.

The complaint further alleges that at the time of the appellee's injury, the truck owned by Weis & Horan was being operated by their agent and servant, the appellant Mumaw, and while he was so engaged in the discharge of his duty, the appellants negligently and carelessly backed their truck into the plaintiff without giving him a signal or warning of their approach.

The complaint also charged that the appellants negligently failed to keep a good, proper, and sufficient watch or lookout for the appellee, although they well knew of his presence at or near the place where he was injured.

The complaint further charged negligence in the manner of operating the truck, and negligence in failing to stop said truck after discovering his presence. The complaint then described his injury as a result of this

accident, and concluded with a prayer for damages in the sum of $30,000.00.

To this complaint, a motion to make more specific was filed and overruled. This ruling constitutes the first error assigned on appeal. Answers in three paragraphs were then filed. The third paragraph of answer alleged that following the appellee's injury, and on May 22, 1936, the appellee and the Delco-Remy Division of General Motors Corporation filed with the Industrial Board of Indiana their written agreement in regard to compensation for the appellee's injuries, under the terms and provisions of the Workmen's Compensation Act. This agreement was approved by the Industrial Board of Indiana, and the appellee was paid compensation at the rate of $11.14 per week, beginning May 16, 1936. The answer further alleged that compensation was paid to the appellee under this agreement until the 25th of October, 1936, at which time the Delco-Remy Division of General Motors Corporation and the appellee entered into an agreement before the Industrial Board of Indiana, by the terms of which agreement, the order and award of the Industrial Board was vacated and set aside. The answer further alleged, that by reason of the award of the Industrial Board, by which compensation was allowed and paid the appellee, the appellee has elected to take the compensation provided by the Workmen's Compensation Act and is, therefore, precluded from maintaining this action against the appellants.

To this third paragraph of answer the appellee filed an affirmative paragraph of reply, in which he alleged that the award of the Industrial Board of Indiana had been vacated and set aside because of the misunderstanding and mistake of the parties in the filing of the original agreement, upon which the award was orig-

inally based. The paragraph of reply set out as exhibits the various proceedings had before the Industrial Board, together with the order of the Industrial Board vacating and setting aside the original award. The appellants filed a demurrer to this paragraph of reply on the grounds that "said paragraph of reply . . . does not state facts sufficient to constitute a cause of defense to defendants' separate and several third paragraph of answer." The court overruled this demurrer, and this ruling is the second error assigned and relied upon for reversal.

The case was submitted to a jury for trial, and the jury returned a verdict against all of the appellants in the sum of $5,000.00. Along with this verdict, the jury returned answers to twenty-eight interrogatories submitted. The appellants then filed a motion for judgment on the answers to the interrogatories. This motion was overruled, and this ruling constitutes the third error assigned in this court. Motion for new trial was then filed and overruled, and this ruling constitutes the fourth assignment of error here.

Under these assignments of error, the appellants first contend that the court erred in overruling the appellants' motion to make the complaint more specific. The complaint alleges "that at the time of plaintiff's injury there were between twenty-five and fifty persons using the pit for the purposes herein mentioned." The appellants ask that this allegation be made more specific, in that the plaintiff should be required to locate the twenty-five or fifty persons alleged to be employed in this particular locality. It seems entirely clear to us that such allegations would be purely evidentiary in character and could not, if pleaded, aid the appellants in understanding the charges of negligence, which they were called upon to meet.

The general rule is that there is no reversible error in overruling a motion to make more specific, unless it is made to affirmatively appear that substantial rights of the moving party have been denied them by said ruling. *Patton* v. *State Bank of Hardinsburg* (1938), 105 Ind. App. 381, 15 N. E. (2d) 106; *Board, etc.,* v. *State, ex rel.* (1913), 179 Ind. 644, 102 N. E. 97. The appellants nowhere point out the manner in which they have been harmed by the ruling of the court. There was, accordingly, no reversible error in overruling the motion to make more specific.

The appellants next contend that the court erred in overruling the demurrer to the second paragraph of reply to the appellants' third paragraph of answer. Under this assignment of error, the appellants contend that the evidence conclusively shows that the appellee was injured while in the course of his employment; that an award of the Industrial Board was entered in his favor, and compensation paid thereunder, which he accepted for a period of nineteen weeks. The appellants contend that these facts are sufficient to preclude the appellee from now proceeding in an action at law to recover damages against the third party, by whose negligence the appellee was injured. While it is true, that this second paragraph of reply to the third paragraph of defendant's answer does not deny the existence of the award of the Industrial Board and compensation paid thereunder, yet, this paragraph of reply alleges that the award of the Industrial Board was entered in his favor as a result of a misunderstanding and mistake, and that it was not his intention or purpose to accept the compensation as fixed by the Industrial Board for his injuries, but he understood that any money so advanced to him by his employer was in the nature of

a loan from his employer, and that the same was accepted with the understanding and assurance by his employer that such loan would not and did not affect his right to prosecute his cause of action against the appellants.

The reply further alleged that, by reason of these facts, the award of the Industrial Board had been vacated and set aside, and was not in force at the beginning of this action.

The reply further alleged that the appellee had not received any sum of money from his employer in settlement of his claim, and that he has never executed any release or satisfaction thereof.

The appellants' demurrer to this paragraph of reply is not in the language of the statute. The demurrer, instead of the language heretofore quoted in this opinion, should have charged that the facts stated in the paragraph of reply "are not sufficient to avoid the paragraph of answer." § 2-1026, Burns' 1933. Whether or not the language used by the demurrer is sufficient to raise the question which the appellants seek to present, we need not decide, for the reason that the same question is again presented in the motion for judgment on the interrogatories, notwithstanding the verdict. Here again, the jury, by answers to interrogatories, found that the appellee was injured in the usual course of his employment by the General Motors Corporation.

The jury further found that the appellant had agreed to accept compensation from his employer by an instrument in writing, filed with and approved by the Industrial Board of Indiana. The jury further found that General Motors had paid to the appellee compensation under this order for approximately nineteen weeks, and that the appellee had also received hospital and medical service furnished by the General Motors Corporation.

The jury further found that the appellee had not offered or promised to repay his employer for the hospital and medical expense received by him.

By these answers, the appellants contend that it has been made to appear that compensation was awarded the appellee by the Industrial Board of Indiana, under the provisions of the Workmen's Compensation Act, for the injuries of which he now complains, which compensation the appellee accepted.

The appellants, therefore, contend that the appellee's right to pursue the third party, by whose negligence the injuries were alleged to have been occasioned, is barred. This contention is predicated upon that section of the statute which purports to give the injured workman the right to claim compensation from his employer or proceed at law against the person whose negligence occasioned his injury. This statute further confers upon the injured workman the right to proceed against his employer for compensation, and against such other person at the same time, but provides that "he or they shall not collect from both." § 40-1213, Burns' 1940 Replacement.

In passing upon the sufficiency of answers to interrogatories to control the general verdict, it must be made to appear that the facts found are so inconsistent with the general verdict, that they cannot be reconciled with it under any conceivable state of facts provable under the issues. *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 199 N. E. 863, at 866. The rule is: "The general verdict must prevail over the special findings and answers thereto, if there could have been under the issues, proof of facts, not irreconcilable with those specially found, sufficient to sustain the general verdict." *Indianapolis Water Co.* v.

*Schoenemann* (1939), 107 Ind. App. 308, 312, 20 N. E. (2d) 671, at 674.

It will be noted that no interrogatories were submitted on the question of whether or not the acceptance of the compensation from the employer was a result of misunderstanding or mistake. No questions were submitted as to whether the compensation so received was in the nature of a loan or advancement. These facts were all within the issues formed by the pleadings, and there was evidence which tended to support the allegations contained in the appellee's second paragraph of reply. This court has held, in cases similar to the one at bar, that an injured workman may proceed against both his employer and the wrongdoer, and may obtain an award against the employer and also a judgment against the wrongdoer. The only prohibition in the statute is that "he or they shall not collect from both." Whether or not an injured workman has in fact collected compensation from his employer in such cases is generally a question of fact for the jury to decide. *Marion County Construction Co.* v. *Kimberlin* (1933), 96 Ind. App. 145, 184 N. E. 574.

In this case, last cited, it was the contention of the appellee that money paid him by his employer was paid as a gift or loan, and under the express understanding that it was to be repaid, and this court held that the facts and circumstances surrounding the payment and receipt of such money were proper questions to submit to the jury.

In the case of *Pittsburgh, etc., R. Co.* v. *Keith* (1929), 89 Ind. App. 233, 240, 241, 146 N. E. 872, this court said:

"We have no doubt but that an employer may make a gift to an injured employee of the amount which he might be entitled to as compensation under the act, and that the employee may accept

such gift without in any wise affecting his right to maintain an action against some other person whose negligence caused the injury. Of course, appellee and his employer had a right to enter into an agreement concerning compensation, and to have the same approved by the Industrial Board without affecting appellee's right to sue for and collect damages from appellant."

It follows, therefore, that if there was any misunderstanding or mistake as to the terms of the agreement filed with the Industrial Board and by them approved, the parties to such an agreement were entitled to have the same corrected, and this was done in the case at bar, with the result that the award of the Industrial Board was vacated and set aside. Such a proceeding has deprived the appellants of no legal right. The subrogation provision of the Workmen's Compensation Act was intended as a protection for the employer. *Walters* v. *Eagle Indemnity Co.* (1933), 166 Tenn. 383, 61 S. W. (2d) 666. "It is not the purpose of the statute to protect a negligent third party by relieving him from any part of his liability." *Pittsburgh, etc., R. Co.* v. *Keith, supra; Artificial I. & C. S. Co.* v. *Ryan, Admr.* (1935), 99 Ind. App. 606, 193 N. E. 710. The third person, whose negligence caused injury to the workman, is legally liable for the full amount of damages caused by his negligence or wrong. He is concerned only as to whom the amount of recovery is to be paid, and that whatever judgment is rendered is a bar to any further recovery against him. *Brainard's Cottonwood Dairy* v. *Industrial Commission* (1932), 80 Utah 159, 14 P. (2d) 212, 61 S. W. (2d) 659. In *The Nicoline Maersk* (1931), 53 F. (2d) 103, 107, wherein there was evidence that payments made by an employer to an injured employee were made with the mutual intention of the parties, that the same were

not to be treated as payments of compensation, the court said: "I do not see how such an arrangement would be enough to work an assignment of libelant's rights to proceed against a third party and thereby defeat his right to recover in these proceedings."

The appellee, by these negotiations with the employer, did not lose his right to again proceed against his employer within the time allowed by statute to recover compensation for his injury. He has not collected from his employer, and it is clear that the employer had no cause of action against the appellants under the subrogation clause of the statute, at the time this suit was instituted. If the appellants' contention were to prevail in this case, neither the appellee nor his employer could proceed against them. The fact that the injured employee and his employer have agreements between themselves, concerning compensation for his injury, in no way affects the liability imposed by law upon the wrongdoer, so long as there has been no actual payment and satisfaction of the claim asserted. Indeed, some courts have held that the negligent third party must respond in damages to the full extent thereof, regardless of the amount of compensation actually paid or awarded. *Napier* v. *John P. Gorman Coal Co.* (1932), 242 Ky. 127, 45 S. W. (2d) 1064.

The appellants also call attention to the fact that the interrogatories disclose that the appellee has accepted and retained the benefits furnished him by his employer, in the way of medical and hospital services. The appellants contend that, having retained these benefits, he has accepted compensation. It has been held in other jurisdictions that the payment of medical expenses by the employer does not constitute an election by the claimant to accept the rem-

edies afforded under the compensation act. *Dyer* v. *Central Sav. Bank* (1930), 242 N. Y. S. 74. In the case of *City of Nashville* v. *Latham* (1930), 160 Tenn. 581, 584, 28 S. W. (2d) 46, the court said:

> "In our opinion, the legislature did not intend that the term 'compensation payable' should embrace temporary medical services rendered, which is apart from or in addition to the sums payable under the act. Medical services are not 'payable,' but are 'performed' or 'rendered.' The language of the statute is that the employee may not 'collect' from both employer and third person who is at fault. It would be inapt to refer to the temporary medical attention as having been 'collected' by the injured employee. The word 'collect' in the context implies the act of payment and reception of money."

It is our opinion, therefore, that the retention of the aid furnished, in the way of medical and hospital treatment, did not operate to bar the appellee's cause of action against the appellants.

For the reasons stated, it is our opinion that the court committed no error in overruling the motion for judgment on the interrogatories.

The appellants further complain of the giving of the court's instruction No. 3, which informed the jury that, if it believed that at the time of the accident the appellants carried automobile insurance which protected them from damages caused to another, it should not allow such belief to, in any wise, affect its verdict. The instruction further informed the jury that the question of whether the appellants were insured has no place in this case. The appellants contend that this instruction is erroneous, for the reason that there is no evidence in the record which warranted the giving of such an instruction. On this subject, the evidence discloses that a certain doctor was called as a witness for the appellants, and stated that a repre-

sentative of the State Automobile Insurance Company had requested him to come as a witness, and that he expected to be paid for such service. This is sufficient evidence in itself to warrant the jury in drawing an inference that the State Automobile Insurance Company was interested in this litigation.

It was, therefore, not error for the court to instruct the jury that it should not consider this matter for any purpose.

Complaint is further made of the giving of the court's instructions Nos. 10, 16, and 37, for the reason that said instructions do not contain all the elements necessary for the jury to find in order for the plaintiff to recover. Without setting these instructions out in detail, it is sufficient to say that they are not mandatory instructions, and, therefore, it is not required that they should contain all the elements essential for a recovery.

Instruction No. 37 informs the jury that, if it finds by a preponderance of the evidence that one or more of the acts of negligence charged in the amended complaint has been proven to be the sole proximate cause of the injuries, which the appellee sustained, the jury may return a verdict in his favor, if other facts therein detailed are also proven by a preponderance of the evidence. The appellants object to this instruction because it omits the element of contributory negligence. By using the expression "sole proximate cause" in instruction No. 37, the court thereby eliminated contributory negligence as an essential element in this particular instruction. *Gerow* v. *Hawkins* (1934), 99 Ind. App. 352, 192 N. E. 713.

The appellants further complain of instruction No. 38, which was addressed to the measure of damages. This instruction was within the issues and the elements of

damage enumerated in the complaint, and was conditioned always as to those items, which were by a preponderance of the evidence shown to have been sustained. We think there was no error in the giving of this instruction.

It is our opinion that the court did not err in overruling the appellants' motion for a new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 38 N. E. (2d) 303.