HALSTEAD *v.* PANCOAST ET AL.

[No. 12,455. Filed June 1, 1926.]

1. APPEAL.—*Evidence held sufficient to sustain finding for defendant on his set-off.*—Evidence *held* sufficient to sustain a finding in favor of the defendant on his set-off seeking to recover on a promissory note. p. 675.

2. APPEAL.—Where there is evidence to sustain the finding of the trial court, the judgment must be affirmed although the evidence is conflicting. p. 675.

From Newton Circuit Court; *Charles M. Snyder,* Special Judge.

Action by Micah R. Halstead against Abner C. Pancoast and others. From a judgment for the named

defendant on a set-off, the plaintiff appeals.   *Affirmed.*
By the court in banc.

*Hanley & Hanley,* for appellant.
*Pollard, Cartwright & Wason,* for appellees.

McMahan, P. J.—Complaint by appellant alleging
breach of a covenant of warranty in a deed whereby ap-
pellees conveyed certain real estate to appellant.   An-
swers were filed by all the defendants, and Abner C.
Pancoast, hereafter referred to as appellee, filed a set-
off against any sum appellant might recover and asked
that he have judgment for the residue.   The issues were
closed and a trial by the court resulted in a finding in
favor of appellant for $7,816.88, by reason of the breach
of covenant of warranty alleged in the complaint, and
in favor of appellee on his set-off for $8,910.93, and
that the amount of appellant's recovery should be de-
ducted from the amount of appellee's recovery, leaving
$1,094.05, which appellee should recover from appellant.
There was a judgment in accordance with the finding.
Appellant filed a motion for a new trial which was
overruled and this appeal followed.   The only question
presented for our consideration relates to the sufficiency
of the evidence to sustain the decision of the court in
favor of appellee on his set-off.

The real estate involved was a 240-acre farm in Jas-
per county, formerly owned by Everett Halstead, a
brother of appellant, and son-in-law of appellee.
Everett Halstead had given a mortgage on this land
to a bank.   This mortgage had been foreclosed, the land
sold by the sheriff, and the year of redemption was
about to expire.   Everett Halstead and his wife had
in the meantime conveyed the land to appellee in trust.
On April 5, 1919, appellee, his wife joining, by war-
ranty deed conveyed the land to appellant.   Before this
conveyance was made, Everett Halstead had arranged

to borrow sufficient money to redeem the land from the sheriff's sale and also to pay about $5,000 on what he was owing appellee for money advanced or loaned. It was arranged between the parties that appellee should convey the real estate to appellant and the latter should give a mortgage on the land to secure the money so borrowed for the purpose of redemption and the $5,000 to be paid to appellee. After paying the said sum of $5,000 to appellee, there was a balance owing him by Everett Halstead of $6,050, and at the time the land was conveyed to appellant, he executed his note to appellee for the sum of $6,050. This is the note referred to in the set-off. Appellant contended that he simply took the title to the land to hold it in trust for his brother, with the agreement and understanding that in case he sold the land for a sum over and above the mortgage so given by him sufficient to pay appellee the balance due him from Everett Halstead, he was to pay such balance; that the note was given simply to show the amount due appellee from Everett Halstead and that there was an agreement between the parties that appellant was not to be held for the amount of such note, and that the note was given without any consideration. Appellee's contention is that appellant was to pay him the balance which Everett Halstead was owing him, and that the note was given as evidence of that debt, and that the note was to be paid in accordance with its terms.

The evidence upon this question is conflicting. The trial court found in favor of appellee and there is ample evidence to sustain the finding. This being 1, 2. true, the judgment must be affirmed. Nothing can be gained by setting out the evidence or reviewing the same.

Judgment affirmed.