## WALTERS v. CANTNER

[No. 28,070. Filed April 4, 1945.]

*Tucker & Tucker*, of Paoli, and *Hammond, Buschmann, Roll & Alexander*, of Indianapolis, for appellant.

*Fabius Gwin*, of Shoals, and *Lutz, Johnson* and *Lutz*, of Indianapolis, for appellee.

STARR, J.—The complaint in this case alleges that the plaintiff negotiated a contract with the Bank Building & Equipment Corporation of America, whose prin-

cipal office and place of business is in the city of St. Louis, Missouri, hereinafter referred to as the Corporation, by which contract plaintiff was to furnish for the sum of $7,150 the work and material for the installing of 65 furnaces in buildings then being constructed at or near Burns City by the Government of the United States; that under the terms of the negotiation plaintiff was to enter into a general contract with the Corporation for such installation, which contract was also to provide that the plaintiff furnish liability and compensation insurance, pay certain taxes, and furnish a bond to guarantee the fulfillment of his entire contract; that plaintiff was doing business at the time under the name of Valley Tin Shop; that in order to secure the necessary performance bond, taxes, insurance, etc., and moneys with which to finance said contract, the plaintiff entered into an oral agreement with the defendant whereby the defendant agreed to advance moneys to carry on the work, sign the necessary bonds, procure the necessary insurance, and so forth, all for a sum equivalent to 12% of the total contract price, which 12% was to be paid the defendant regardless of whether or not the plaintiff realized any profit on his contract. Thereupon a written contract was executed to carry out the furnishing of such work and materials for installing said furnaces; that said contract was drawn and signed by the said Corporation, on the one side, and "Valley Tin Shop Frank Walters," on the other; that the signature "Valley Tin Shop Frank Walters" was signed by the defendant, and said contract was so drawn and so signed in order that the plaintiff might secure the necessary bond and insurance policies.

The complaint further alleges that the defendant failed to carry out his agreement with the plaintiff as to the advancement of moneys, and so forth, and that

the plaintiff had to secure the necessary funds to complete the contract elsewhere.

The complaint further alleges that the plaintiff finished and completed the contract, and that there is now due him from the corporation the sum of approximately $3,800; that the defendant has stopped payment thereon to plaintiff, and plaintiff likewise has stopped payment thereon to the defendant; that the Corporation is ready to pay said sum, but that the plaintiff and defendant are unable to agree upon an adjustment of the amount due each of them; that the defendant claims $2,200, of the amount owing by the Corporation as repayment to him for the advances, payments for insurance, and so forth, but that he is not entitled to that amount, but to a much less sum, if anything. The prayer of the complaint is as follows:

"Wherefore: The plaintiff prays of this court that this court find, determine and adjudge the amount now remaining unpaid. on said contract, that is due the defendant and also to find and determine the amount that is due this plaintiff and render a judgment accordingly and for all proper and adequate relief in the premises."

In his answer the defendant states that the contract with the Corporation was drawn in his name and was signed by him, and after he signed it, the name "Valley Tin Shop" was added thereto; that he admits he made the agreement with the plaintiff, as set out in his complaint, and was to receive as compensation the sum of 12% of the receipts, but denies that he failed in the performance of his promises; that he admits there is due from the Corporation approximately the sum of $3,800, and avers that he is claiming $2,807.22 of said amount, being his fee, unpaid advancements, etc.; he also admits that the Corporation is ready to pay whom-

soever is entitled to receive the same in the amount due under the contract, and that he and the plaintiff are not able to agree upon the amount due each of them, but he denies that he stopped payment on said contract to the plaintiff.

The defendant also filed a cross complaint, alleging that the plaintiff entered into the furnace contract with the Corporation; that in addition to the contract set forth in the plaintiff's complaint the plaintiff had entered into three additional contracts with the Corporation for the furnishing and installing of other materials and equipment for said houses, and that the total contract price of said three additional contracts and said furnace contracts amounted to $13,092.50, and that the cross complainant was not only to recover 12% upon said furnace contract but upon all moneys received on all four of said contracts, and was to have returned to him all moneys advanced to carry out the contracts; that all of said contracts were completed, and that the cross complainant has fully carried out his part of the agreement, and there remains due him from the plaintiff and unpaid for his fee, unpaid advancements of moneys, etc., the sum of $2,997.24; that he and the plaintiff have been unable to agree on the amount due each of them, and an accounting should be had to determine the amount due each, respectively. The prayer of the cross complaint is as follows:

> "WHEREFORE, the cross-complainant sues and prays the court to find and determine the amount due the cross-complainant, and that cross-complainant have judgment for the amount due him, to-wit: Two Thousand Nine Hundred Ninety-seven Dollars and Twenty-four Cents ($2,997.24), and for all other proper relief."

Plaintiff filed answer to this cross-complaint, denying all of the new matter therein set out.

On the issues so formed the cause was submitted, and the trial was by the court. It will be seen from the foregoing pleadings that there was no dispute as to the execution of the furnace contract, that the same was treated as the contract of the plaintiff, that the same had been fully performed by the plaintiff, that the defendant by his agreement with the plaintiff was to receive 12% of the gross proceeds from said contract, that the overall contract price for all four contracts was $13,092.52 and that all had been carried out and performed by the plaintiff, that the Corporation was ready and willing to pay the balance owing on the same, and that the defendant was not indebted to the plaintiff in any sum. There was a dispute as to whether or not the 12% fee of the defendant was to be charged against the three other contracts aside from the furnace contract which the plaintiff had performed for the Corporation, and what moneys were advanced by defendant for carrying out the contracts, which were to be returned to him, and as to whether the defendant had failed to perform any or all of his obligations under his contract with plaintiff.

Evidence was offered by the plaintiff, without objection, to show what the contract between him and the defendant was and that the 12% fee was to apply only on the furnace contract, and that the defendant had failed to carry out his agreement which would entitle him to said fee. Evidence was offered by the defendant, without objection on the part of the plaintiff, that his fee should cover all four contracts, that certain advances of money by him had not been repaid, and that he had fully carried out his side of the agreement. Evidence was offered by each party as to the various payments and transactions between the parties and proceeded

along the lines of an accounting between them. It is not necessary for the purpose of this opinion to set out a detailed statement of what the evidence consisted. The court, at the conclusion of all of the evidence, rendered the following finding and judgment:

> "Come now the parties in person and by their counsel, and this cause having been submitted to the court for trial, finding and judgment and all of the evidence having been heretofore heard and concluded on plaintiff's complaint and the answers thereto, and upon the cross-complaint of the defendant Walters and the answers thereto by the plaintiff Cantner, and the parties having filed their briefs and arguments thereon, and the court now after being duly advised in the premises finds for the plaintiff, and that the allegations of his complaint are true; and that on accounting that there is due the defendant from the plaintiff the sum of $909.21, and that there is due the plaintiff from the Bank Building and Equipment Company the balance of said fund owing by them under the contract of December 17th, 1942.
>
> "It is therefore, considered and adjudged by the court, that there is due the defendant on an accounting between the parties the sum of Nine Hundred Nine Dollars and Twenty-one Cents ($909.21) and that the balance of said fund now owing from the Bank Building and Equipment Company should be paid by them to the plaintiff John A. Cantner; and that each of the parties hereto are to pay one-half of the costs and charges in this cause laid out and expended."

Appellant's motion for a new trial was overruled. The only errors assigned that are not waived are the specifications therein that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellant contends that the judgment is void because it is not coercive. Not every justiciable controversy

requires a coercive judgment. Execution does not issue on judgments in proceedings to quiet title, to construe or contest wills, or for declaratory judgments. Where the purpose of the proceeding is to determine rights in property the judgment is usually complete when it declares those rights. If it is incomplete, in that it does not go as far as the pleadings demand, the remedy is by motion to modify, which appellant did not pursue.

Both parties were principally concerned with a determination of their rights in a debt to one or both of them owing by a corporation domiciled in another state. The debtor either was not requested or refused to interplead. Whether it was subject to process in Indiana does not appear. Its presence in court would have permitted a coercive judgment. So also the payment into court for the benefit of the parties as their interests might be adjudged. Neither alternative was thought necessary. Appellee alleged in his complaint that except for the dispute between the parties the debtor was ready to pay the balance of its obligation, approximately $3,800, which amount far exceeded the interest therein claimed by appellant. By his answer appellant expressly admitted the allegation. Whether or not this agreement served the same purpose as a payment into court, unquestionably it removed from this lawsuit any question as to the amount due from the corporation. A fact expressly admitted need not be proved.

The only substantial issue was as to the scope of their agreement. The complaint alleged that appellant was to have 12% of the contract price of the furnaces. But he contended that the percentage should apply on other items. Upon conflicting evidence the court found against him. This was the case below.

While the judgment is unusual it accomplishes all that the parties asked. Neither the complaint nor the cross-complaint was attacked by demurrer. Each sought the kind of judgment that was rendered.

It sufficiently defines their interests in a chose in action so as to conclude them and protect the debtor if it pays in accordance with the judgment.

Affirmed.

NOTE.—Reported in 60 N. E. (2d) 138.