COOPER ET UX. *v.* FORD

[No. 17,667.   Filed February 4, 1948.]

*Harry Long,* of Gary, attorney for appellants.

*Stanton and Stanton and James F. Pace,* all of Gary, attorneys for appellee.

HAMILTON, J.—This was an action instituted by appellee against appellants in the Lake Circuit Court to recover the statutory penalty of three times the amount

of rent charged by appellants as landlords of and from appellee as tenant in excess of the maximum rental value fixed by the office of price administration of the United States for the area in which the city of Gary. is situated, as authorized by the provisions of the emergency price control act of Congress enacted in 1942.

The issues were submitted for trial to a jury, which returned its verdict in favor of appellee and against both appellants and assessing appellee's damages in the sum of $270 and $150 attorney's fees. Judgment was rendered upon the verdict and, upon the overruling of appellants' motion for a new trial, this appeal was perfected.

The first error assigned is the overruling of appellants' motion for a new trial, assigning the following reasons therefor: (a) The verdict of the jury is not sustained by sufficient evidence; and (b) the verdict of the jury is contrary to law. All of the other specifications of the motion for a new trial have been waived by a failure to present the same under the "Points and Authorities" or appellants' brief. *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 693, 116 N. E. 9; *Vandalia Coal Co.* v. *Butler* (1918), 68 Ind. App. 245, 119 N. E. 34; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 467, 78 N. E. 1033; *Michael* v. *State* (1912), 178 Ind. 676, 678, 99 N. E. 788.

In support of their contention that the verdict of the jury is not sustained by sufficient evidence, appellants insist that appellee failed to discharge the burden resting upon him to prove the following necessary and essential facts before he was entitled to recover in this action, to-wit: 1. That the rental board fixed the rental of the property owned by the defendants (appellants) and occupied by the plaintiff (appellee). 2. That the defendants charged and received from the plaintiff an

amount in excess of the rental value established by the rental board. 3. The burden was upon the plaintiff to establish that the property was rented by the defendants to the plaintiff and not to anyone else.

Appellants contend that the evidence discloses that the property was rented by the defendants on or about August 9, 1945, to Harriett Ford, appellee's wife, while appellee was in the armed forces of the United States, and that appellee did not return to live in the premises until sometime in February, 1946, and that he only paid the rent for three months, February, March, and April, 1946. Appellants contend further that the plaintiff failed to discharge his burden of proving that the rental unit was one for which a ceiling was established prior to the time said real estate was rented to Harriett Ford. They insist that such changes had been made in the rental unit as to completely change its character prior to the date Mrs. Ford rented the same, and therefore the real estate became a new rental unit for which there was no ceiling price established by the O. P. A.

In rhetorical paragraphs I and II of appellee's amended complaint we find the following allegations of fact:

"I. That on the 6th day of August, 1945, the defendants were the owners of certain real estate located at and known as 3790 Mississippi Street, Gary, Indiana, and *that on said date the plaintiff was a tenant of said defendants and occupied living quarters situated upon the rear of said real estate.*" (Our emphasis.)

"II. That on said date, the said premises occupied by the plaintiff had been duly registered with the Office of Price Administration of the United States as having the maximum rental value of Fifteen ($15) Dollars per month, and the maxi-

mum rental value of said premises had been established by said Office of Price Administration at Fifteen ($15) Dollars per month."

The first rhetorical paragraph of appellants' answer to said amended complaint, aforesaid, reads as follows:

"Come now the defendants in the above entitled cause of action and for their answer say: 1. That *they admit the allegations of fact as set out in rhetorical paragraphs numbered 1 and 2 of plaintiff's complaint.*" (Our emphasis.)

The law is firmly settled in Indiana to the effect that admissions of fact made in a pleading filed in a cause of action are solemn admissions, or admissions in *judicio*, and are not required to be supported by evidence. Such admissions are taken as true against the party making them without further controversy and need not be proved by evidence. *Walters* v. *Cantner* (1945), 223 Ind. 263, 270, 60 N. E. 2d 138; *Lesh* v. *Johnson Furniture Co.* (1938), 214 Ind. 176, 181, 13 N. E. 2d 708; *New Albany and Vincennes Plank Road Co.* v. *Stallcup* (1878), 62 Ind. 345, 347; *Pickerill* v. *Homes Realty Co.* (1922), 79 Ind. App. 447, 451, 136 N. E. 850.

The uncontroverted evidence conclusively establishes that appellants charged and received $30 per month rent for the premises occupied by Harriett Ford and her husband, Jack Ford, appellee herein, each month from August, 1945, to and including May 6, 1946, and that there was due and owing to appellants from appellee $90 as rent for three months from May 6, 1946, until July 12, 1946, when appellee vacated the premises without having paid any rent since April 12, 1946.

In view of the admissions of fact contained in appellants' answer as above set forth and the undisputed

evidence as to the amount of rent collected and received by appellants, we hold that the verdict is sustained by sufficient evidence and is not contrary to law for the reasons urged by appellants.

In assignment of error No. 3 appellants assert that "There was no trial of said cause within the meaning of the Constitution of the State of Indiana in this, that the Court failed to instruct the jury as to the issues in said cause."

Appellants cite § 2-2008, Burns' 1946 Replacement, in support of their contention. This statute requires the court in all jury trials to give general instructions to the jury when required by either party.

An examination of the record discloses that at the close of all the evidence and before the argument of counsel upon the trial the plaintiff tendered instructions numbered from 1 to 7, inclusive, which were given; that the defendants tendered instructions numbered 1 to 4, inclusive, and they were all given to the jury; also the court gave one instruction upon its own motion. Nowhere in the motion for a new trial is there an assignment that the court erred in failing to give any requested instructions or that the court erred in failing to give any general instructions as required by § 2-2008, Burns' 1946 Replacement. A failure of the trial court to give a requested instruction or to give general instructions must be assigned as a ground or reason for a new trial in order to be reviewable upon appeal. *Hallock* v. *Iglehart* (1869), 30 Ind. 327, 328; *Young* v. *Montgomery* (1903), 161 Ind. 68, 69, 67 N. E. 684; *Town of Carlisle* v. *Drake* (1915), 183 Ind. 483, 484, 109 N. E. 39.

It is also the established rule that a cause for a new trial cannot be assigned as error upon appeal in an

independent assignment of error, but such ruling must be brought forward in a motion for a new trial, and the overruling of the motion for a new trial assigned as the error upon appeal. *Grand Rapids Motor Express* v. *Crosbie* (1947), 117 Ind. App. 360; (transfer denied) 69 N. E. 2d 247, 250; *State* v. *Brubeck* (1932), 204 Ind. 1, 170 N. E. 81; *Town of Carlisle* v. *Drake, supra.*

We think it is only fair to the counsel representing appellants upon this appeal to state that it affirmatively appears from the record that during the trial of said cause appellants were represented by other counsel, whose names do not appear upon the appellants' briefs in this court and their present counsel do not appear to be responsible for the failure to properly present to the jury and trial judge, and preserve for review, the questions which are now attempted to be presented upon appeal.

Finding no error in the record, the judgment of the trial court is hereby affirmed.

DRAPER, C. J., not participating.

NOTE.—Reported in 77 N. E. 2d 124.