ROBBINS *v.* NATIONAL VENEER & LUMBER CO.

[No. 17,882.   Filed December 5, 1949.   Rehearing denied
February 3, 1950.   Transfer denied March 29, 1950.]

214

Martin, P. J., and Bowen, J., not participating.

*Harry D. Hatfield,* of Indianapolis, for appellant.

*Murray, Mannon, Fairchild & Stewart;* and *James L. Murray,* all of Indianapolis, for appellee.

WILTROUT, J.—Appellant's claim against appellee for compensation by reason of the accidental death of her husband was heard by a single member of the Industrial Board, and an award of compensation was made. The full Industrial Board, upon review, also awarded weekly compensation payments to appellant for a period of 350 weeks.

Thereafter, on January 15, 1949, appellee filed its verified petition to set aside and declare null and void the award of compensation. This petition avers that the death of appellant's husband was the result of his being hit by a Baltimore and Ohio Railroad locomotive engine; that an administratrix of decedent's estate was appointed; that the administratrix filed a petition in

the Jackson Circuit Court for authority to compromise and settle her claim against the railroad for the death of said decedent; that the court approved and ordered a compromise settlement whereby the sum of $1,200.00 was to be paid in full settlement of any claim, demand or charge which such administratrix might have against the railroad company by reason of the death of decedent; that thereafter the administratrix executed a release to said railroad; that the petition to compromise was filed and the order made and release executed prior to the filing by appellant with the Industrial Board of her claim for compensation; that appellant has collected said sum of $1,200.00, and has also received and accepted the weekly payments of compensation.

To this petition the appellant filed a verified pleading, designated a "Plea in Confession and Avoidance," in which she states that the $1,200 was accepted by the administratrix by mistake, inadvertance and oversight as to her legal rights under the Indiana Workmen's Compensation Act, and requesting that appellee be given credit on the award for the $1,200.00 received by the administratrix.

By special answer the appellant admitted the allegations of fact contained in appellee's petition to declare null and void the award of the board. The answer also alleges that appellee's insurance carrier filed suit against the railroad company in subrogation, which suit is still pending, but that it was not filed within the time permitted by statute; that since the statute of limitations had run before the suit was filed, appellee and its insurance carrier were guilty of laches, and are therefore in no position to complain of the act of the administratrix in accepting the $1,200.00 from the negligent third party.

The Industrial Board, after hearing argument of counsel, set aside and revoked its award and ordered that appellant should have no further right to compensation or relief under the Indiana Workmen's Compensation Act. No evidence was presented, but relief was granted appellee upon the pleadings. It is from this order that appellant appeals.

Appellant contends that the board was not entitled to set aside the award upon the issues formed by the pleadings without hearing evidence thereon.

The admissions of appellant in the pleadings were binding upon her. Such admissions in pleadings are taken as true against the party making them, and are not required to be supported by evidence. *Walters* v. *Cantner* (1945), 223 Ind. 263, 60 N. E. 2d 138; *Cooper* v. *Ford* (1948), 118 Ind. App. 108, 77 N. E. 2d 124; *Silvestro* v. *Walz* (1944), 222 Ind. 163, 51 N. E. 2d 629.

The dependent of a deceased employee may proceed against both the employer and a third person and may obtain a judgment against the wrongdoer as well as an award against the employer, but the statute provides that such dependent shall not collect from both. Burns' 1940 Replacement, § 40-1213; *Weis* v. *Wakefield* (1942), 111 Ind. App. 106, 38 N. E. 2d. 303; *Pittsburgh, etc., R. Co.* v. *Keith* (1929), 89 Ind. App. 233, 146 N. E. 872; *Artificial I. & C. S. Co.* v. *Ryan, Admr.* (1935), 99 Ind. App. 606, 193 N. E. 710; *Marion County Construction Co.* v. *Kimberlin* (1933), 96 Ind. App. 145, 184 N. E. 574.

Appellant has collected from the railroad company by reason of decedent's death. There is no provision in the Indiana statutes whereby the amount she has collected from the railroad company may be credited on the award against the employer so

that she may also collect from the employer the excess of the award. On the contrary, the statute expressly prohibits collecting from both.

But, appellant insists, the board had no power to set aside the award. In *Homan* v. *Belleville Lumber and Supply Co.* (1937), 104 Ind. App. 96, 8 N. E. 2d 127, a case similar in many respects to the present case, wherein the same contention was made, it is stated:

> "We believe it was the intention of the legislature, and if not the specific intent at least the general one, as gathered from the act as a whole, ·that matters of this kind are incidental to the administration of this act and should be passed upon by the board."

When the board entered an award, it still had certain statutory duties to perform. It is authorized to require reports of the redemption of such award, Burns' 1940 Replacement, § 40-1518, and is required to take certain action against the insurer in the event of a failure or refusal to pay any final award. Burns' 1940 Replacement (1949 Supp.), § 40-1605. Appellee and its insurance carrier were entitled to show the reasons why further collections on the award should not be made by appellee in order that action might not be taken against the insurer in the event of a justifiable refusal or failure to pay.

Appellant, by her own admissions, has shown that she is not entitled to collect further payments of compensation. Accepting as true all the allegations of the pleadings, it appears that appellant was not harmed by the action of the board.

That appellee's insurance carrier filed a subrogation action, whether before or after the running of a statute

of limitations, when the facts admitted show that it had no right of subrogation because appellant had elected to collect from a negligent third person, in no way aids appellant's case.

The order of the Industrial Board is affirmed.

Martin, P. J., and Bowen, J., not participating.

NOTE.—Reported in 88 N. E. 2d 773.