HECK ET AL. *v.* SELIG.

[No. 19,570. Filed February 19, 1963.]

*Roscoe Hollingsworth, Scifres & Hollingsworth,* of Lebanon, *Campbell, Campbell, Malan & Kyle, Frank*

*W. Campbell,* of Noblesville, and *Albert W. Ewbank,* of Indianapolis, for appellants.

*Smith & Jones, Harold W. Jones* and *Douglass R. Shortridge,* all of Indianapolis, for appellees.

PFAFF, J.—Appellees as plaintiffs below filed this action against appellants alleging that the appellee, Stanley Selig, is one of the owners in fee simple and entitled to the immediate possession of certain real estate therein described of the estimated value of $20,000.00 and of the estimated rental value of $100.00 per month; that the appellants have maintained a nuisance by keeping the property in an unsanitary and unsightly condition to appellees' damage; that the appellants unlawfully retained possession thereof of said appellees' real estate.

The complaint asked for an order directed to the sheriff to seize the real estate; that appellees be awarded a judgment for possession of the real estate and damages including attorneys' fees.

Appellants filed an answer admitting that appellees were the record owners of the real estate and the alleged value of the real estate and denied other allegations. They also filed their counterclaim alleging that appellees were the owners in fee simple of the real estate on June 20, 1956, on which date they made, executed and delivered a written contract to sell the real estate to appellants and setting forth a copy of the contract; that the contract provides that appellants shall have the privilege of paying larger sums in addition to the payments required; that they elected to pay the entire balance due; that they made arrangments to make a loan on said real estate to pay the balance; that appellees refused to accept the balance or attend a closing meeting or execute their

deed to appellants or to meet with appellants to receive the balance; that as a part of the down payment appellants did convey to appellees real estate of the agreed value of $11,572.66, made monthly payments in the total sum of $750.00, and paid taxes; that they are in possession of said real estate pursuant to the contract; that they are ready, willing and able to pay all sums of money due appellees under the contract. Appellants prayed that the appellees be required to execute their deed to appellants upon payment by appellants of any amount the court might adjudge due and payable or that a commissioner be appointed to make such conveyance and for damages sustained by reason of the conduct of appellees.

The appellees answered the counter-claim in admission and denial under Rule 1-3 admitting the making, execution and delivery of the contract; admitting that the real estate described in the contract is the identical real estate described in the complaint; that it provides that the buyers shall have the privilege of paying any sums of money in addition to the payments required and denying any other allegations.

The description of the real estate in appellee's complaint and in the contract set forth in appellants' counter-claim consists of a metes and bounds description of an irregularly shaped 15.19 acre tract of land followed by these words:

> "The part of the above described parcel of ground that is being sold herein to Gladys M. Heck, an unmarried adult, and Harold R. Heck, an unmarried adult, is that part of the above described tract that starts at an imaginary line that is approximately 50 feet by parallel lines north of the kennels (dog kennels) imaginary line running from east boundary of the above described tract of ground to the west boundary of the above described tract of ground, and thence

taking in the entire part of the above described tract of ground that would lie south of the imaginary line. . . ."

The court's findings and judgment are as follows:

"1. The Court finds for the plaintiff upon their complaint in ejectment, that there was a mutual mistake of a material fact in the entering into the contract at issue in this cause concerning the description of the land involved and that therefore, no meeting of the minds occurred *and thus no contract was actually entered into.*

"2. The Court further finds that there was no fair rental value of the land established by the testimony and likewise, there was no testimony concerning the return the plaintiffs received upon the moneys and property of the defendants paid to plaintiffs upon the contract.

"3. The Court finds that the down payment of $11,576.66 made by the defendants to the plaintiffs should be returned to the defendants.

"4. The Court finds that the monthly payments made by the defendants to the plaintiffs amounting to $850.00 should be returned to the defendants.

"5. The Court finds that the defendants should pay to the plaintiffs the sum of $115.00 representing 7/12 of the 1959 taxes due in 1960 which in turn represents taxes payable upon the property up to and including occupation until August 1, 1960, and that this amount should be deducted from the amount owing from plaintiffs to defendants.

"6. The Court finds against the plantiffs and for the defendants upon the plaintiff's complaint for damages for nuisance, there being no reasonable amount of damages proved by plaintiff.

"7. The Court finds against the plaintiffs and for the defendants concerning attorney fees for plaintiff's attorneys since the theory of attorney fees only applies under the contract and the Court has already found there to have been no contract.

"8. The Court finds against the defendants for the plaintiffs upon defendants counterclaim denominated a cross-complaint for specific performance of the contract, and therefore, finds that no damages are due defendants, nor are they due attorney fees from the plaintiffs.

"It is therefore considered, ordered adjudged and decreed that upon the tender of the sum of $12,422.22 by the plaintiffs to the defendants, the plaintiffs be given possession of the property at issue in this cause, defendants bond remaining in force until the above decree is effectuated.

"Costs are taxed to the defendant." (Our emphasis).

The complaint referred to a sale to appellants; the counterclaim set forth a contract alleged to have been made, executed and delivered by appellees and appellees by their answer to the counter-claim admitted the making, execution and delivery of the contract. As stated in 23 West's Indiana Law Encyclopedia, *Pleading*, §22, p. 264:

"Generally parties are bound by the allegations or admissions in their pleadings and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings. Admissions of fact in pleadings are solemn admissions or admissions in justice and are taken as true against the party making them without further controversy." See also *Cooper* v. *Ford* (1948), 118 Ind. App. 108, 77 N. E. 124; *Walters* v. *Cantner* (1945), 223 Ind. 263, 60 N. E. 2d 138; *Silvestro* v. *Walz* (1944), 222 Ind. 163, 51 N. E. 2d 629; *Robbins* v. *Nat. Veneer & Lumber Co.* (1950), 120 Ind. App. 213, 88 N. E. 2d 773; *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 13 N. E. 2d 708, 14 N. E. 2d 537.

In 71 C. J. S., *Pleading*, §59, p. 147, it appears as follows:

"As a general rule, sometimes by virtue of statutory provisions, the parties to an action are

judicially concluded and, likewise, under the decisions, are judicially bound by their pleadings therein, and unless withdrawn, altered, or stricken by amendment or otherwise, as discussed infra §64, the allegations, statements, or admissions contained in a pleading are conclusive as against the pleader, and are admissible as against the party making them or his successor in the litigation as proof of the facts which they admit on any subsequent trial of the case, or on the trial of another action, as discussed in Evidence §301 et seq. It follows that a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings, and that the facts which are admitted by the pleadings are to be taken as true against the pleader for the purpose of the action, whether or not they are offered as evidence. So admissions in the pleadings may render proof of the admitted facts unnecessary or render proof contradicting them inadmissible, and if countervailing evidence, either through inadvertence or the tacit consent of the parties, is admitted it is entitled to no consideration, . . . ."

Although the pleadings of both parties in this action were based upon the fact that a contract to sell and purchase the real estate involved here had been made and executed by the parties and the parties were bound by such allegations and admissions, the court found that no contract was actually entered into, and proceeded to attempt to put the parties in status quo.

"The allegations and proof, or, as sometimes stated, the allegata et probata, must correspond. The proof, in order to be effective, must correspond substantially with the allegations of the pleadings, and a party must succeed, if at all, on the case, claim, or defense set up in the pleadings. A party cannot set up one cause of action or defense and succeed on proof of another and different cause of action or defense not pleaded. He cannot succeed on a case materially different from the case made by the pleadings or on evidence

supporting a theory of the case different from that shown by the pleadings." 23 West's Indiana Law Encyclopedia, *Pleading,* §215, p. 429.

3 Works' Indiana Practice, Lowe's Revision, §47.2, p. 105, states as follows:

"The rule is well established in this state that parties must recover upon the allegations of the pleadings. They must recover *secundum allegata et probata,* or not at all. This is the only reasonable rule under our practice. It would be folly to require the plaintiff to state his cause of action in his complaint and the defendant disclose his defense in the answer, if, on the trial, either or both might abandon such allegations and recover upon other facts which are substantially different from those alleged. A variance is a departure from the allegations of the pleadings in some particular or particulars and an attempt to prove different facts from those alleged."

This court said in *Fleser* v. *Aranjo* (1954), 125 Ind. App. 160, 165, 123 N. E. 2d 248:

" . . . The first time that these issues were raised was in the rendering of the final judgment by the court. We believe that such a judgment is without the issues presented to the trial court. A judgment to be valid and binding must be made upon the issues as they are presented, and, if not, the same is erroneous. *The Wayne Pike Company* v. *Hammons et al.* (1891), 129 Ind. 368, 27 N. E. 487."

This court said in *Moore* v. *Moore* (1924), 81 Ind. App. 169, 173, 135 N. E. 362: "No question of law is better settled than that a judgment which a a court attempts to render upon an issue which is not presented is a nullity." And cases cited.

For other authorities to the same effect see *The Wayne Pike Company* v. *Hammons et al.* (1891), 129

Ind. 368, 27 N. E. 487; *Trook* v. *Crouch* (1924), 82 Ind. App. 309, 137 N. E. 773; *Christ* v. *Jovanoff* (1926), 84 Ind. App. 676, 151 N. E. 26, 152 N. E. 2; *Hutts* v. *Martin* (1893), 134 Ind. 587, 33 N. E. 676; *Ferger* v. *Perine Oil Refining Co., Inc.* (1950), 120 Ind. App. 174, 90 N. E. 2d 131.

The judgment here is not within the issues and the decision is contrary to law. Judgment reversed with instructions to sustain appellants' motion for a new trial and for further proceedings consistent with this opinion.

Mote, P. J., Kelley and Hunter, JJ., concur.

NOTE.—Reported in 188 N. E. 2d 118.