BUTLER *v.* FORKER, BOARD OF COMMISSIONERS.

[No. 20,205.  Filed December 1, 1966.]

*Gerald Deller,* of Angola and *Robert Hollowell,* of Indianapolis, and *Deller, Dygert & Friend,* of Angola, and *Hollowell, Hamill & Price,* of Indianapolis, of counsel, all for appellants.

*Edgar A. Grimm* and *Merritt Diggins,* both of Kendallville, and *Grimm & Grimm* and *Emerick & Diggins,* both of Kendallville, of counsel, all for appellees.

HUNTER, J.—The original action filed by the appellee below sought a recovery of an unpaid balance on a contract with the Board of Commissioners. The appellant was also joined as a party defendant in the appellee's complaint which alleged an oral partnership between the appellee and the appellant and a loss therefrom seeking a judgment for one-half the loss.

The appellant answered by a denial and filed a cross-complaint alleging that he was working for the appellee on a time and material basis, seeking amounts due from the appellee. The court found against the appellant on his cross-complaint, and for the appellee on his complaint rendering an Eight Thousand Five Hundred ($8,500.00) Dollar judgment

against the Board of Commissioners and a judgment of Two Thousand Two Hundred Twenty-One and Eighty-Two one-hundredths ($2,221.82) Dollars against the appellant.

A motion for new trial was overruled and the appellant brought this appeal assigning such as error. In the lower court appellant and appellee filed a joint petition excluding the defendant-Board of Commissioners from this appeal which was granted by the lower court. Therefore all the issues on this appeal are between the appellant and appellee only.

Within the motion for new trial, the appellant asserts three (3) errors which are argued here on appeal.

The appellant's first contention relates to the form of the action brought in the lower court by the appellee. The appellant presents alternative arguments in this regard. First, assuming the validity of the partnership agreement, he states that the lower court proceedings represented an action at law for debt and that there was no prior accounting and settlement of the partnership affairs. The appellant contends that one partner cannot sue another partner in an action at law without such a prior accounting or settlement, so the decision and judgment of the lower court is contrary to law and unsupported by sufficient evidence. In the alternative, the appellant argues that even if this were an action in equity for an accounting and settlement of the partnership affairs, there were no allegations to the effect that all the partnership claims were settled or that its debts were paid. Also, he contends that there was no evidence of these facts within the record. Consequently, the appellant contends that in this alternative view the decision and judgment of the lower court is again unsupported by sufficient evidence and contrary to law.

It is the law within this jurisdiction that in order for one partner to sue another in an action at law there must have been a settlement and final accounting between the partners. If this has not been done through some prior agreement between the partners, then an action at law

will not lie. In an action to account and settle a partnership, the issues and matters are not for a jury to decide but for a court of equity. *Horn* v. *Lupton* (1914), 182 Ind. 355, 359, 105 N. E. 237, 106 N. E. 708. Therefore without a previous settlement and agreement between the partners, the proper action to recover profits or losses based on partnership business is to sue in equity "for an accounting and for a recovery of whatever may be found due upon a settlement of the partnership affairs." *Douthit et al.* v. *Douthit* (1892), 133 Ind. 26, 33, 32 N. E. 715. See also *Thompson* v. *Lowe* (1887), 111 Ind. 272, 12 N. E. 476 and *Lang* v. *Oppenheim* (1884), 96 Ind. 47. This is the general rule. However, there are well recognized exceptions to this rule. See Annotations, 21 A.L.R. 1088, 1098. For the purposes of this decision we need not consider whether appellee's action falls within one of these well recognized exceptions.

It should be noted that the appellant filed no demurrer, motion to make more specific, or a motion to separate the complaint into legal paragraphs. Also, the cause was not tried before a jury, so we cannot assume *per se* that it was an action at law.

Certainly some language of the complaint would indicate that it was an action for debt. However, this same language might be taken as conclusions of fact, i.e., that if the partnership could be settled by the court, the appellant would be indebted to the appellee as a result.

His remedy in face of these conclusions of facts which might make the complaint ambiguous is a motion to make more specific. § 2-1005, Burns' 1946 Repl. provides in part:

". . . all conclusions stated therein shall be considered and held to be the allegation of all the facts required to sustain said conclusion when the same is necessary to the sufficiency of such pleading, paper or writing:

"Provided, That, as against such conclusions, only the following remedy is given, that a motion may be made to require the party filing such pleading, paper or writing to

state the facts necessary to sustain the conclusion alleged,
. . ."

In view of this reasoning, we find that the complaint stated an action in equity for an accounting and settlement of the partnership affairs.

Furthermore, assuming that the complaint failed to properly allege such an action, the appellant's remedy was a demurrer. § 2-1007, Burns' 1946 Repl. Having failed to do this, the appellant cannot now be heard to challenge the legal sufficiency of the complaint. A failure of the complaint in this regard shall be deemed amended on appeal to conform to the evidence. §§ 2-1068, 2-3231 Burns' 1946 Repl.

However, the appellant contends that there is no evidence in the record to sustain such an accounting or settlement. We find from the record that all outstanding claims were represented and settled by the suit. The Board of Commissioners owed Eight Thousand Five Hundred (8,500.00) Dollars, and was a party. This was the only outstanding claim, and it was settled as a result of the lower court's action. The liabilities of the partnership beyond those claimed by each partner as to himself were non-existent. Both the appellant and the appellee presented their expense statements and each testified that such were paid. (For the appellee, his bookkeeper so testified.) Therefore, the only outstanding liabilities of the partnership were those claimed by the partners for their own services, which were settled by the court.

The partnership was dissolved as soon as the bridge was completed. § 50-431(1)(a), Burns' 1964 Repl. A county representative testified that the bridge was completed to their satisfaction. Any insufficiency of the pleadings to state a valid cause of action for an accounting and settlement is cured by this evidence. We consider the pleadings to be amended to conform to the evidence which demonstrated that the only outstanding claim was settled in the action, that the partner-

ship was dissolved, that there were no outstanding liabilities to third parties, and that the partner's claims as to each other were also settled in the lower court's decision. The above is sufficient to sustain the general finding and judgment of the lower court in that a final accounting and settlement of the partnership was effected.

The second argument of the appellant relates to a claimed admission within the appellee's answer to appellant's cross-complaint. The first allegations within the cross-complaint are as follows:

"1. That on or about the 28th day of June, 1961, the Plaintiff herein talked to the Defendant herein in reference to establishing a partnership agreement between the Plaintiff and this Defendant on a certain bridge construction that the Plaintiff herein had bid on with the Defendant, the Board of County Commissioners of the County of Elkhart, in that the Plaintiff had the earth moving personnel and equipment to complete said proposed contract, and the Defendant, Arthur Butler, had the necessary concrete knowledge and equipment to complete the same.

"2. That the said time and place the parties herein discussed the matter in reference to entering into a partnership agreement orally wherein the parties were to share equally therein the profits and losses of said construction upon the condition that said partnership contract be reduced to writing and signed by both said parties."

The appellee's answer was:

"He admits that the parties hereto had negotiations concerning the formation of a partnership, all as contained in rhetorical paragraphs 1 and 2 of the cross-complaint of defendant, Arthur Butler."

The answer would seem to be an admission by the appellee that the contract to form a partnership was conditioned on it being put in writing. Therefore, unless the condition precedent was completed, there could be no valid contract. However if this were true, then the allegation in the appellee's complaint as to an oral partnership contract would fall. Additionally, in his answer to the third paragraph

of the appellant's cross-complaint the appellee denied such, which in effect denied what was possibly admitted in the prior instance. Therefore, we have one possible admission in the answer to the cross-complaint but the complaint and another denial in the answer to the cross-complaint are both to the contrary.

The appellee does not concede that it was an admission. However, under the language there is only one reasonable interpretation. As shown above, if the lower court had found such to be a binding admission, the entire action of the appellee should have fallen. Any decision to the opposite effect would be contrary to law. However, if the lower court found that it was not a binding admission due either to its inconsistency with the other pleadings as shown above or that it was due to the inadvertence of the appellee, it could have properly found for the appellee against the appellant. It would appear that the claimed admission was not discovered until this appeal was taken as the record does not show that it was raised in the lower court.

The appellant asserts that an admission within the pleadings is binding on the parties and cannot be controverted by other evidence. This position is supported by the case law. See *The New Albany and Vincennes Plank Road Company* v. *Stallcup* (1878), 62 Ind. 345, 347; *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 183-184, 13 N. E. 2d 708, 14 N. E. 2d 537; *Silvestro* v. *Walz* (1943), 222 Ind. 163, 176, 51 N. E. 2d 629; *Walters* v. *Cantner* (1945), 223 Ind. 263, 270, 60 N. E. 2d 138; *Heck et al.* v. *Selig* (1963), 134 Ind. App. 336, 340-341, 188 N. E. 2d 118.

However, in all of the above cases the admissions found by the courts were not controverted by other allegations or denials within the pleadings. In the case at bar we have an admission in one part which is contradicted by a denial in the same pleading as well as the allegations within the complaint. Consequently, the above authorities are not "on all fours" with

the facts in the case at bar. We have found no cases in Indiana dealing with inconsistent pleadings by the same party in regard to a single fact.

In reviewing other authorities in this area one seems to state that an admission of fact takes precedence over a denial of the same fact. In 71 C.J.S. § 61, *Pleading,* p. 156, it is stated:

> "As discussed supra § 53, conflicting allegations in the pleadings are construed against the pleader, and in case of inconsistent allegations he is bound by those which are against him. An admission of a fact in a pleading overcomes a denial thereof in the same pleading. However, where facts are alleged in connection with an admission which nullify it, its effect as an admission is destroyed."

However, this is based on the theory that the pleadings are to be construed strictly against the pleader. Indiana no longer subscribes to this common law rule of pleading. § 2-1048, Burns' 1946 Repl. provides:

> "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties; . . ."

See also *Cincinnati, Indianapolis, St. Louis & Chicago Railway Co.* v. *Smock et al.* (1892), 133 Ind. 411, 413, 32 N. E. 82; *Payne, President et al.* v. *Buchanan et al.* (1958), 238 Ind. 231, 247, 148 N. E. 2d 537, 150 N. E. 2d 250. In effect, this statute provides that ambiguities present in pleadings are not necessarily to be construed against the pleader.

Therefore, in the facts at bar although there is the one admission, it is countered by the complaint and a denial in the answer to the cross-complaint. This ambiguity need not be construed against the pleader. If the parties had relied on the admission in the court below, a different result might be necessitated. The appellee submitted proof as to his complaint which demonstrated that the contract was not conditional on its being written and signed by both parties. We find no ob-

jection to such evidence on the grounds that there was a binding admission to the contrary. Therefore in view of the fact that the admission was countered by the complaint and the denial in the answer to the cross-complaint and no prejudice to the appellant is shown in the record, we hold that the ambiguity should be construed in favor of the appellee to the extent that the claimed admission is not binding on the appellee. The lower court's obvious finding that contract was not conditioned was entirely proper under these considerations.

The appellant also contends that the lower court's finding that there was an oral partnership contract is not properly based in law and is contrary to the evidence. The appellant contends that under the rules presented in the Uniform Partnership Act, § 50-407, Burns' 1964 Repl., there was no partnership under the evidence. Furthermore under § 50-419, Burns' 1964 Repl. there were no partnership books. Basically the appellant is questioning the sufficiency of the evidence to sustain the judgment and the court's decision. While we as an appeals court might not necessarily agree with the result based on the evidence in the lower court, we do not weigh the evidence. In many instances this leads to harsh results, but it is binding precedent and not entirely without reason.

In reviewing the evidence to determine its sufficiency we look only to that evidence and reasonable inferences to be drawn therefrom most favorable to the appellee. *Isenhour* v. *Speece, Admr. et al.* (1958), 238 Ind. 293, 296, 150 N. E. 2d 749. Additionally, a reversal can only result where all the evidence leads to but one conclusion opposite to that reached by the lower court. *Stidd* v. *Dietz* (1963), 135 Ind. App. 149, 192 N. E. 2d 651.

The main evidence bearing on the business arrangement between the appellant and the appellee is oral testimony. The appellant denied the existence of valid partnership agreement and the appellee testified that there was such an agreement.

As to the objective elements present, the appellant received payments from the appellee which if these were representative of some of the appellant's share of the profits, then this is prima facie evidence of the fact that he was a partner in the business. § 50-407 (4), *supra*. The appellant stated that these payments were based on a sub-contract relationship for time and material. This was denied by the appellee who stated that the payments represented the appellant's partial share of the profits. In all of the above instances the testimony and evidence is in conflict. Credibility of the witnesses is an issue for determination by the trial court. We cannot weigh the evidence.

The appellant places particular emphasis on the fact that partnership books were not established. § 50-419, *supra*. However, we do not interpret this statute to state that no partnership can exist unless partnership books are kept. This statute merely relates to a partner's right to inspect the books and the place where they should be kept.

From the above, it is clear that the issue of the partnership contract depended largely on conflicting oral testimony. As previously stated we view only the evidence most favorable to to the appellee: in so doing we find that there was ample evidence to support the decision of the trial court in this regard.

There is some language in the appellee's brief to the effect that after the initial partnership agreement was formed, the appellant attempted to withdraw and work on a time and material basis as a sub-contractor. The appellee asserts that there would have been inadequate consideration for any new contract so formed. While we do not necessarily agree with this interpretation of the law, (see § 50-431 (2), Burns' 1964 Repl.), we do not deem it necessary to decide this point for two reasons. First, there are no special findings by the court so we do not know the exact point in time as to the formation of the partnership contract

in relation to the contract to build the bridge. Second, this point is not argued by the appellant here on appeal. Consequently, he has waived any errors in this regard. Supreme Court Rule 1-17(e) and (f).

The appellant's next contention is that the damages were excessive. The appellant relies particularly on § 50-418(f), Burns' 1964 Repl. which he interprets as providing that "No partner is entitled to remuneration for acting in the business,". However, the wording of this section is subject to a large exception, where it is stated at the beginning of the statute,

> "The rights and duties of the partners in relationship to the partnership shall be determined, *subject to any agreement between them,* by the following rules: . . ." (our emphasis).

Hence any agreement between the partners can abrogate the effect of the provision cited by the appellant.

In view of the fact that we do not have any special findings by the lower court, we do not necessarily know how the court arrived at the amount awarded the appellee. However, there is evidence to support the inclusion of the partners' charges for the use of their equipment. There is also evidence that each partner was not to charge for their personal labors.

The appellant places a great deal of emphasis on the fact that the appellee's represented loss is only due to the fact that the remaining balance of the contract price after expenses in regard to third parties was not enough to cover the partners' charges for the use of their own equipment. Consequently, he claims it was not a real loss. Furthermore, he points to the fact that no loss was filed by the appellee in his federal and state income tax returns for the years in question. In fact no partnership return was filed. However, again we only consider the evidence most favorable to the appellee. The record contains evidence that the partners were to divide all

profits and losses equally. They also agreed to charge for the use of their equipment. Consequently, the fact that the liabilities were only as to each other does not make it any less of a loss when we find that there is evidence to support the fact that such an agreement was made.

We have considered all the alleged errors presented by the appellant and find them to be without merit. The decision of the trial court should be affirmed.

Judgment affirmed.

Mote, P.J., Bierly and Smith, J.J., concur.

NOTE.—Reported in 221 N. E. 2d 570.