M. W. MacCollum *v.* A.F.N.B., as Administrator.

[No. 1-572A6. Filed September 14, 1972.]

*Raymond S. Robak, Wolf & Robak,* of Greenfield, for appellant.

*Ice, Miller, Donadio & Ryan,* of Indianapolis, *Williams, Cone & Billings,* of Greenfield, for appellee.

ROBERTSON, P.J.—On May 10, 1963, appellant (MacCollum) made a loan to the appellee's decedent (Metcalf), in the amount of $2,400 for which Metcalf issued to MacCollum has promissory note for $3,000, (representing $2,400 in principal and $600 in interest), payable one year from the date of the loan. The loan was timely repaid on May 10, 1964, and the promissory note marked "paid" and signed by MacCollum. However, MacCollum agreed to allow Metcalf, a professional coin speculator, to retain the $3,000 for the purpose of investing the money in the purchase of coins. A written agreement was entered into wherein it was stipulated that the $3,000 along with $8,262 in borrowed funds, at an interest rate of 8% per annum, would be used to purchase 153 bags of 1964 Canadian cents. The agreement further specified that the coins would be held as collateral by the bank making the loan. MacCollum's signature appears on the agreement as the "purchaser." As far as the evidence would indicate this was

the only agreement, or evidence of the same, entered into by the parties prior to Metcalf's death on April 14, 1966.

Shortly after Metcalf's death, MacCollum requested, by letter, that the then acting Co-Executor of the Metcalf Estate advise him "as to when my coins will become available so that if I desire, I can dispose of them after, of course, paying off the loan outstanding against them." Attached to the letter was a copy of the purchase agreement. Both documents were properly made a part of the record in this cause.

On October 18, 1966, MacCollum filed a claim for $3,000 against the Metcalf Estate. The Estate thereafter filed a counterclaim alleging, inter alia, that MacCollum was indebted to the Estate in the amount of $9,994.04 by reason of funds borrowed and interest paid thereon by Metcalf as agent for MacCollum, and by reason of interest paid by the Administrator for the account of MacCollum since Metcalf's death. The counterclaim further alleged that the Estate was ready and willing to deliver certain coins, purchased by Metcalf as agent for MacCollum, to MacCollum upon payment of the $9,994.04 plus $55.08 for each month after April 14, 1966, for which such amounts remained unpaid.

Trial of the cause ultimately resulted in a decree wherein MacCollum was ordered to pay the Estate $11,519.06, and the Estate was to deliver 153 bags of 1964 Canadian cents to MacCollum. MacCollum's Motion to Correct Errors, which was overruled, alleges that the trial court's decision is not supported by sufficient evidence and is contrary to law.

The ultimate issue to be determined in this appeal is whether or not MacCollum is the true owner of the coins and, if so, is he thereby obligated to reimburse the Estate for the principal and interest it repaid on the loan with which the coins was partially purchased.

In determining whether or not the trial court's decision is supported by sufficient evidence, we are bound by the well

established rule of appellate review in Indiana, that this court will look only to that evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom. *In Re Adoption of Jackson* (1972), 257 Ind. 588, 277 N. E. 2d 162; *Horlock* v. *Oglesby et al.* (1967), 249 Ind. 251, 231 N. E. 2d 810; *Butler* v. *Forker, Bd. of Comm.* (1966), 139 Ind. App. 602, 221 N. E. 2d 570. We further recognize that this court is not at liberty to weigh the evidence but may only review the record for the limited purpose of ascertaining if there is any evidence, or reasonable inferences to be drawn therefrom which if believed by the trier of fact would sustain the judgment. *Rocoff* v. *Lancella* (1969), 145 Ind. App. 440, 251 N. E. 2d 582. A reversal of the lower court's decision for insufficiency of the evidence will be warranted only if there is no substantial evidence of probative value to support that decision. *Beaman* v. *Hedrick* (1970), 146 Ind. App. 404, 255 N. E. 2d 828; *Haney* v. *Meyer* (1966), 139 Ind. App. 663, 215 N. E. 2d 886; *Burke* v. *Burke* (1963), 135 Ind. App. 235, 191 N. E. 2d 530.

Upon an examination of the evidence most favorable to the Estate, we are unable to find that the judgment is not supported by substantial evidence of probative value. The thrust of MacCollum's argument in support of his charge of insufficient evidence appears to be that since the Estate failed to prove that Metcalf obtained a loan in the exact amount as specified in the purchase agreement, and further failed to prove a purchase of the exact number of bags of coins as specified in the agreement, it thus failed to prove performance of the terms of the agreement by Metcalf. Indeed, we must agree that the Estate did not provide such precise evidence as to a specific loan or a specific purchase of coins. However, the Estate did present evidence which demonstrated that in the course of his business Metcalf obtained several loans totaling a great deal more than the specific loan in question here. Evidence was also offered which established that Metcalf did

purchase bags of 1964 Canadian cents in a quantity more than sufficient to satisfy his obligation to MacCollum. It was further shown that these coins were pledged as collateral with the National Bank of Greenwood as called for by the agreement. It is our opinion that this evidence was sufficient to warrant the trial court to reasonably infer that Metcalf used MacCollum's $3,000 cash and an $8,000 loan to purchase 153 bags of 1964 Canadian cents, and that, in so doing, he performed his part of the agreement.

MacCollum further argues that the decision is in error because the Estate failed to prove that Metcalf acted on Mac-Collum's behalf in obtaining the loan. MacCollum offers in support of this contention, the testimony of the bank officer through whom Metcalf borrowed money. The substance of the bank officer's testimony was that Metcalf never represented that he was acting on anyone's behalf but his own, and all loans were made to him personally. The only discernible significance of this testimony is that it established that it was Metcalf's obligation to repay the loan to the bank. However, Metcalf's obligation to the bank, which the Estate has now fulfilled, has no bearing on the rights and obligations created by the agreement entered into between MacCollum and Metcalf. It is clear from a reading of the purchase agreement, which bears MacCollum's signature as the "purchaser" that it was the intent of the parties that ownership of the coins would be in MacCollum. Indeed, MacCollum's subsequent letter to the Co-Administrator provides further evidence of such an intent, as well as evidence of MacCollum's awareness of that intent. We must, therefore, conclude as did the trial court, that MacCollum is the true owner of the coins and as such he is obligated to reimburse the Estate for the expense it incurred in repaying the loan.

MacCollum's final allegation of error is that the trial court's decision is contrary to law. In support of this contention MacCollum puts forth the proposition that "before any judg-

ment of the court can be sustained, the evidence must be of such preponderance and probative value that no other conclusion can be reached." At best it is an understatement to say that counsel for MacCollum has misconstrued the appropriate test for determining whether a judgment is contrary to law. The proper test for such a determination was set out in *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N. E. 2d 573:

> "It is only where the evidence is without conflict and leads to only one conclusion and the Trial Court reached a contrary conclusion that the decision will be disturbed as contrary to law i.e., that is where it affirmatively appears that reasonable men could not have arrived at the same judgment or conclusion." 275 N. E. 2d 576.

In applying that test to the facts of this case, we are unable to find that the evidence is without conflict and leads to only one conclusion and the trial court reached a contrary conclusion.

The judgment of the trial court is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 265.